659 So.2d 1324 (1995)
The STATE of Florida, Appellant,
v.
A.J. FOX, a/k/a Stephen Lindsley, Appellee.
No. 94-2842.
District Court of Appeal of Florida, Third District.
September 6, 1995.
*1325 Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Assistant Public Defender, for appellee.
Before JORGENSON, COPE and GREEN, JJ.
COPE, Judge.
The State appeals an order granting a petition for writ of error coram nobis. We reverse.
In 1990 defendant-appellee A.J. Fox, also known as Stephen Lindsley, entered a plea of nolo contendere to the charges of possession and sale of cocaine, in exchange for an agreed sentence of incarceration for a year and a day. The plea colloquy was perfunctory. Defendant served his sentence and was released.
In 1993 the defendant was charged in federal court with possession of a firearm by a *1326 convicted felon.[1] He was convicted after jury trial. Because defendant has four prior felony convictions, he is subject to a federal minimum mandatory sentence of 15 years. 18 U.S.C. §§ 922(g), 924(e). Defendant's 1990 state conviction comprises part of that felony record.
Defendant filed the instant petition for writ of error coram nobis in the trial court, requesting that his 1990 plea and conviction be set aside.[2] Defendant asserted that the plea colloquy was inadequate and that he did not understand the consequences of the plea. After a nonevidentiary hearing, the trial court granted the petition, vacated the conviction and plea, and set the case for trial. The State has appealed.
As summarized in Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992):
The law is clear that "the only currently viable use for the writ of error coram nobis is where the defendant [as here] is no longer in custody [on the sentence which he/she collaterally attacks], thereby precluding the use of rule 3.850 as a remedy." ...
It is well settled in Florida that the function of a writ of error coram nobis is to correct fundamental errors of fact, and that the writ is not available to correct errors of law. In order to be legally sufficient, the petition for a writ of error coram nobis must, therefore, allege specific facts of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment and sentence attacked; the petition must also assert the evidence upon which the alleged facts can be proved and the source of such evidence. The facts upon which the petition is based must have been unknown to the trial court, the defendant, and defense counsel at the time of trial; and it must appear that the defendant or his/her counsel could not have known such facts by the use of due diligence.
A classic example of a proper use of a writ of error coram nobis is where new facts or evidence are uncovered since the entry of the judgment of conviction and sentence being attacked, which facts conclusively establish that the defendant is innocent of the crime for which he/she has been convicted.
Id. at 947 (citations omitted). In Malcolm defendant pled guilty to possession of a firearm by a convicted felon, but he was not in fact a convicted felon. Id. at 946. Because the record conclusively showed Malcolm to be innocent of the firearm charge, this court held that coram nobis relief must be granted.
In the present case defendant makes no claim of innocence. Instead, he asserts that he is entitled to relief on the basis of deficiencies in the plea colloquy. The State argues that as a preliminary matter, defendant's claims do not constitute fundamental errors of fact on which a coram nobis petition can be predicated, but instead constitute errors of law which cannot be a proper subject of coram nobis relief. For present purposes we assume, but do not decide, that the issues raised by defendant could be viewed as matters of fact for coram nobis purposes.
In our view relief is barred by the express language of Florida Rule of Criminal Procedure 3.172. Rule 3.172, which governs acceptance of guilty or nolo contendere pleas, states that "[f]ailure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice." Fla.R.Crim.P. 3.172(i). Similarly, the Florida Supreme Court has held that a plea will not be vacated after sentencing on the basis of a violation of a rule of procedure unless the defendant can show prejudice or manifest injustice. Williams v. State, 316 So.2d 267, 273-75 (Fla. 1975); see also Wilkerson v. State, 401 So.2d 1110, 1112 (Fla. 1981); State v. Will, 645 So.2d 91, 93 (Fla. 3d DCA 1994); Suarez v. State, 616 So.2d 1067, 1068 (Fla. 3d DCA 1993).
*1327 The defendant's primary complaint is that the plea colloquy did not inform him that as a result of the plea he would become an adjudicated felon, and that as an adjudicated felon he would be exposed to greater penalties if in the future he were to commit new crimes. He contends that he is prejudiced by the alleged failure of the trial court to discuss with him the possible future consequences that might flow from a felony adjudication.
One of the purposes for the plea colloquy between the court and the defendant is to ensure that the defendant understands the consequences of his plea. Trenary v. State, 473 So.2d 820, 822 (Fla. 2d DCA 1985), review denied, 486 So.2d 598 (Fla. 1986). However, a judge is required to inform a defendant only of the direct consequences of his plea and is under no duty to apprise him of any collateral consequences. State v. Ginebra, 511 So.2d 960, 961-62 (Fla. 1987). A direct consequence is one that has a " `definite, immediate, and largely automatic effect on the range of the defendant's punishment.'" Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982) (citations omitted).
"`[A] plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea.'" Id. at 463 (citation omitted); see also United States v. Jordan, 870 F.2d 1310, 1318 (7th Cir.), cert. denied, 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989). The sentencing court is not required "to anticipate a defendant's recidivism." United States v. Woods, 870 F.2d 285, 288 (5th Cir.1989). Therefore, the fact that the felony adjudication might be used against the defendant in a subsequent federal prosecution was a collateral consequence of the plea and was not an issue the trial judge was required to cover in the plea colloquy.
The defendant next contends that the failure of the trial judge to inform him of the rights he was waiving by entering the plea, i.e., the right to a jury trial, the right to assistance of counsel, the right to cross-examine witnesses, and the right not to incriminate himself, entitles him to withdraw his plea. However, the fact that the plea colloquy was deficient is not in itself a sufficient basis to permit withdrawal of the plea after sentencing. It is the defendant's burden to establish prejudice or manifest injustice. "[I]t is not sufficient to simply make bald assertions." State v. Caudle, 504 So.2d 419, 421 (Fla. 5th DCA 1987). Defendant offers no facts which would show how he was prejudiced by the judge's failure to inform him of these rights.
Next the defendant asserts that the failure of the trial judge to inform him of the maximum possible penalty provided by law for the offense with which he was charged necessarily means that his plea cannot be considered knowing and intelligent. However, the defendant entered his plea on the understanding that he would be sentenced to a year and a day of incarceration, and that is the sentence which was imposed. The sentence was less than the maximum sentence allowable. There was no prejudice by the omission to advise the defendant of the maximum penalty. Baker v. State, 344 So.2d 597, 598 (Fla. 1st DCA 1977).
Finally, the defendant argues that since the judge failed to elicit a factual basis for the plea during the colloquy, the conviction must necessarily be vacated. We disagree.
Pursuant to Florida Rule of Criminal Procedure 3.172(a), the trial judge must be satisfied that there is a factual basis for the plea. The purpose of this requirement is to prevent a defendant from mistakenly entering a plea to the wrong offense. Williams v. State, 316 So.2d at 272. However, even though a trial court fails to properly determine a factual basis for a guilty plea, the plea will not be set aside after its acceptance absent a showing of prejudice or manifest injustice. Grant v. State, 316 So.2d 282, 283 (Fla. 1975); Suarez v. State, 616 So.2d 1067, *1328 1068-69 (Fla. 3d DCA 1993); Gore v. State, 552 So.2d 1185, 1186 (Fla. 5th DCA 1989); see also Williams v. State, 316 So.2d at 274. In this case, the defendant does not contend that he was innocent of the crime charged or that he pleaded guilty to the wrong offense. As there is no showing of prejudice or manifest injustice, relief should have been denied.
The order under review is reversed and the cause remanded with directions to dismiss the petition.
NOTES
[1] This offense was committed after defendant completed his 1990 state sentence.
[2] Defendant has also filed a separate petition attacking another prior conviction in a separate case, which is not before us.