WEBSTER, Judge,
concurring in part, and dissenting in part.
I concur in affirmance as to grounds 1 through 4 and 6 through 9. However, I would affirm as to ground 5 as well. Accordingly, I dissent from the majority’s decision to reverse as to that ground.
In its entirety, ground 5 of appellant’s motion consists of the allegation that he received ineffective assistance of trial counsel because “[cjounsel coerced [him] into entering a plea of guilty to crime [sic] where there existed no factual basis to support the plea.” Appellant alleges neither that he is innocent of the offense to wMch he entered his plea of guilty, nor that he pleaded guilty to the wrong offense. Likewise, he does not allege any facts which would support such a conclusion. In the absence of such a demonstration of prejudice, he is not entitled to any relief. State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995) (plea will not be set aside based on failure to obtain proper factual predicate absent claim of innocence or plea to wrong charge), review denied, 668 So.2d 602 (Fla.1996).
Moreover, I believe that appellant’s claim that he was coerced to enter a plea by trial counsel is clearly refuted by the copy of the written, signed, Plea of Guilty and Negotiated Sentence attached to the order denying relief. According to that document, appellant agreed to plead guilty to second-degree murder, and to waive the sentencing guidelines, in return for the state’s agreement not to seek an indictment charging first-degree murder, to drop other charges related to the incident and to cap the potential sentence at 40 years. To the extent relevant, the document also contains the following representations by appellant:
I hereby enter my plea of guilty for the reason that I am guilty. Before entering such plea of guilty, I was advised of the *606 nature of the charge against me, ... the possible defenses to the charge and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the charge against me.
I consider this negotiated sentence to be to my advantage, and I have freely and voluntarily entered my plea of guilty. I have not been offered any hope of reward, better treatment, or certain type of sentence to get me to plea [sic] guilty — other than the sentence set forth above — nor have I been threatened, coerced, or intimidated in any way to get me to plead guilty.
Before entering this plea of guilty, my attorney and I have fully discussed all aspects of this case, and he has, to my complete satisfaction, answered all my questions and has fully explained the charge, and I am satisfied with the services he has rendered in this case in my behalf....
My attorney and I have read this statement of my guilty plea together in private, and he has explained all parts hereof to my complete satisfaction and understanding, and before my pleading guilty, the Judge of this Court, in Open Court, read the statement to me and explained it to me, and asked if I understood it and if I wanted to plead guilty and give up these rights. I advised him that I understood it, understood my rights, and wanted to plead guilty to this charge.
I have had sufficient time to consider the charge against me, the possible defenses, the advice of my attorney, the waiver of constitutional rights by entering my plea of guilty, and to reflect upon the consequences of my plea. The Judge of this Court has advised me that I may have additional time to consider all of these matters if I wanted more time for such consideration. I have advised him that I do not need or desire more time and that I wanted to proceed with my guilty plea at this time.
I would affirm the denial of appellant’s motion for postconviction relief as to all grounds raised.