701 So.2d 388 (1997)
Harold RHODES, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-615.
District Court of Appeal of Florida, Third District.
November 5, 1997.
Harold Rhodes, in pro. per.
Robert A. Butterworth, Attorney General, and Cynthia A. Greenfield, Assistant Attorney General, for appellee.
Before NESBITT, COPE and FLETCHER, JJ.
NESBITT, Judge.
Harold Rhodes alleges in this writ of error coram nobis that the public defender "affirmatively misadvised" him into entering a plea of nolo contendere to the drug-possession charges below by informing him that his conviction could not be used to enhance any future federal or state sentence. Rhodes claims that, absent this erroneous advice, he would not have pled nolo contendere to the charges. The rules of criminal procedure require defense counsel to advise the defendant of the consequences of his plea. Fla. R.Crim. P. 3.171(c)(2)(B)[1]. Rhodes requests an evidentiary hearing to ascertain whether he was, in fact, incorrectly advised by his counsel in connection with his plea and whether such advice influenced his decision to so plead. We affirm the trial court's denial of the petition.
Both Florida and federal courts have, in fact, distinguished attempts to vacate pleas based on affirmative misadvice from those alleging failure to advise of certain consequences of the plea. See, e.g., Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); United States v. Woods, 870 F.2d 285 (5th Cir.1989); State v. Ginebra, 511 So.2d 960 (Fla.1987); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995); Zambuto v. State, 413 So.2d 461 (Fla. 4th DCA 1982). Cf. United States v. Whyte, 3 F.3d 129 (5th Cir.1993); Strader v. Garrison, 611 F.2d 61 (4th Cir.1979); State v. Sallato, 519 So.2d 605 (Fla.1988); State v. Johnson, 615 So.2d 179 *389 (Fla. 3d DCA 1993). Mere failure to advise a defendant of the collateral consequences of his plea does not mean that the plea was involuntary. See State v. Fox, 659 So.2d at 1327.
The court, in its plea colloquy, is not required to advise the defendant as to collateral consequences of his plea, such as the plea's "possible enhancing effect on a subsequent sentence." Id. Where the defendant has been affirmatively misadvised by his counsel, however, courts have been willing to allow an evidentiary hearing on the voluntariness of the defendant's plea. See, e.g., Henderson v. State, 626 So.2d 310, 311 (Fla. 3d DCA 1993).
Despite the distinction made in the above-cited cases, however, we believe that Rhodes is not entitled to an evidentiary hearing. First, we point out that none of the "affirmative misadvice" cases involve misadvice as to the potential for enhanced penalties for future criminal behavior, as alleged in the instant case. Further, we are convinced that the analyses in the cases emphasize the impropriety of placing a duty on either the trial court or defense counsel to "anticipate a defendant's recidivism." Fox, 659 So.2d at 1327 (quoting Woods, 870 F.2d at 288).
As a matter of public policy, recidivism should not be encouraged. The "misadvice" allegedly given the defendant in the instant casethe possibility of an enhanced sentence on future crimesmust be distinguished from the "misadvice" given in the cases cited aboveadvice regarding deportation, gain time eligibility, parole eligibility. The latter issues affect only the defendant himself, whereas the former could involve the safety of the community as well. We should not encourage recidivism, even implicitly, by adopting a rule of law which requires a defense attorney or trial court to "warn" a defendant of the sentence-enhancing consequences his plea will have as to any future crimes he may commit. See Lewis v. United States, 902 F.2d 576, 577 (7th Cir.1990) ("It [the warning of future sentence enhancement] could even be viewed as an invitation to recidivism....") Moreover, we believe that the possibility of enhanced future sentences has an even more attenuated connection to the disputed plea than do the other collateral consequences deemed sufficiently harmful to the defendant to permit vacation of his plea.
Because of these distinctions, we affirm the trial court's denial of the petition for writ of error coram nobis.
NOTES
[1] Rule 3.171(c)(2)(B) states: "Defense counsel shall advise defendant of ... all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant."