714 So.2d 1125 (1998)
Lazaro GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-128.
District Court of Appeal of Florida, Third District.
July 15, 1998.
Lazaro Gonzalez, in proper person.
Robert A. Butterworth, Attorney General, and Erin E. Dardis, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, and FLETCHER, JJ.
PER CURIAM.
Defendant appeals from an order denying his motion for postconviction relief. We affirm.
Defendant is precluded from collaterally attacking his plea bargain because he himself failed to abide by the terms to which he agreed. Defendant agreed to provide substantial assistance to the State by providing information that would lead to a prosecutable offense against another trafficker, and to appear at the sentencing hearing. He did neither. Having reneged on his portion of the bargained-for agreement, he is estopped from seeking to void the plea. See Novaton v. State, 610 So.2d 726 (Fla. 3d DCA 1992), aff'd, 634 So.2d 607 (Fla.1994); State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997) (holding that rules of contract law apply to plea agreements); Madrigal v. State, 545 So.2d 392, 395 n. 2 (Fla. 3d DCA 1989)(bargained-for pleas are similar to private contracts).
An evidentiary hearing would be a waste of judicial resources; in light of defendant's failure to abide by his portion of the bargain, defendant's claim of prejudice is without merit.
Affirmed.
SCHWARTZ, C.J., and JORGENSON, J., concur.
*1126 FLETCHER, Judge, dissenting.
Lazaro Gonzalez appeals the denial, without evidentiary hearing, of his motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. I would reverse and remand with directions to the trial court to hold an evidentiary hearing on his motion.
Gonzalez was charged with trafficking in 400 grams or more of cocaine, § 893.135(1)(b), Fla. Stat. (1995), and possession of cocaine. He entered into a written "substantial assistance" plea agreement [agreement] with the state under which the state agreed to waive the fifteen-year mandatory minimum sentence and the mandatory fine on the trafficking charge and to imposition of a Level 9 guidelines sentence (forty-nine to eighty-three months), provided Gonzalez gave information leading to a prosecutable case against another narcotics trafficker. As a part of the agreement it was provided that should Gonzalez fail to appear at the sentencing hearing to be set by the trial judge, he would be sentenced to thirty years in prison with imposition of the statutory fifteen-year mandatory minimum sentence and the mandatory fine. During the plea colloquy, the trial judge misinformed Gonzalez that the maximum sentence he could receive on the charges against him should he go to trial was "life imprisonment with a minimum mandatory of 15 years and a fine of two hundred fifty thousand dollars." In his 3.850 motion, Gonzalez stated under oath that his trial counsel had previously told him that he could receive a life sentence should he go to trial and did not object when the trial court made the quoted statement about the statutory maximum sentence. He further alleged that he decided to enter the plea agreement based on the information given him by both the court and his trial counsel.
Gonzalez did not provide substantial assistance to the state and did not appear at the subsequent sentencing hearing. In accordance with the alternative provision of the agreement, he was sentenced to thirty years in prison with a fifteen-year mandatory minimum and the $250,000 mandatory fine.
In his motion for post-conviction relief, Gonzalez alleged, and the state did not dispute, that the correct statutory maximum sentence he could have received for the crime to which he pled, had he gone to trial, was, in fact, the sentence he ultimately received under the plea agreement: thirty years with a mandatory minimum fifteen years, not life in prison as the trial court and trial counsel told him it was. Gonzalez further alleged that he would not have pled guilty and entered into the agreement had he known of the lower maximum sentence he actually faced had he gone to trial. The trial court denied the motion without holding an evidentiary hearing thereon.
In the order on appeal, the trial court ruled that the motion would be denied because the mis-advice given regarding the statutory maximum sentence "did not prejudice" Gonzalez, and thus did not support his claim of ineffective assistance of counsel, because "the record ... is clear that the Defendant entered into the plea to avoid the fifteen (15) year minimum-mandatory sentence which would have been imposed had he been found guilty at trial." In support of this ruling, the trial court attached a copy of the transcript of the plea colloquy and the agreement to its order. Additionally, the trial court cited State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995), rev. denied, 668 So.2d 602 (Fla.1996) for its lack of prejudice ruling.
The transcript of the plea colloquy and the terms of the agreement do not clearly refute the defendant's allegations that his plea was not knowing and voluntary. Further the transcript does not clearly refute Gonzalez' allegations that he would not have entered into the agreement had he known that the thirty (30) years to which he agreed to be sentenced should he not attend the sentencing hearing, rather than life in prison as he was advised, was the applicable statutory maximum sentence. The state's waiver of the mandatory minimum sentence and fine was only one benefit Gonzalez considered in agreeing to the plea. The avoidance of a potential life sentence should he be unable or unwilling to provide the substantial assistance required for the mandatory minimum waiver appears to be just as important a consideration in the decision to plead guilty. The Fox decision cited by the trial court for *1127 its finding of lack of prejudice is factually distinguishable and not controlling in this case. In Fox, the trial court did not affirmatively misadvise the defendant of the maximum sentence and then ultimately sentence him to the actual statutory maximum as a result of the plea bargain, as was done here. Instead, in violation of Florida Rule of Criminal Procedure 3.172,[1] the trial judge in Fox did not even discuss the statutory maximum sentence with the defendant (i.e., non-advice), and the sentence which the defendant ultimately received was considerably below the statutory maximum. Under those circumstances, this court found no prejudice caused by the non-advice as to the statutory maximum and thus no reversible error. See Fox, 659 So.2d at 1327; Fla.R.Crim.P. 3.172(i); see also Baker v. State, 344 So.2d 597 (Fla. 1st DCA 1977)(same).
In Gonzalez' case, the trial judge did not simply fail to mention the maximum sentence during the plea colloquyshe affirmatively misadvised the defendant as to what the maximum sentence was. This error was apparently compounded by Gonzalez' trial counsel, who allegedly also told him he was facing a possible life sentence should he go to trial on the charges. When Gonzalez agreed to plead guilty, he reasonably thought, given the affirmative information provided by the court and counsel, that the thirty years he could ultimately receive under the agreement, even if he totally failed to provide substantial assistance, was less than the statutory maximum he faced should he go to trial. When he was sentenced to thirty years, he was, in fact, sentenced to the maximum sentence, not a lesser sentence as he thought. Unlike the defendants in Fox and Baker, who ultimately received a sentence below the maximum for the charges to which they pled, the "bargain" Gonzalez thought he was receiving turned out to be no bargain at all. Gonzalez received the maximum allowable sentence even though he pled guilty thinking he could avoid receiving the statutory maximum. I believe that this court cannot conclude under these circumstances that Gonzalez' plea was knowing and voluntary or that no prejudice is shown by the mis-advice given him by the trial court and his attorney. See, e.g., Powell v. State, 670 So.2d 1173 (Fla. 3d DCA 1996) (defendant entitled to evidentiary hearing on motion for post-conviction relief in light of affirmative mis-advice as to nature of guideline sentence); Johnson v. State, 523 So.2d 755, 756 (Fla. 2d DCA 1988)(summary denial of 3.850 motion reversed where defendant's allegations that he pled to avoid a longer sentence, was misadvised on guidelines ranges, and, therefore, entered his plea without full understanding of his options were not conclusively refuted); Ward v. State, 433 So.2d 1221, 1223-24 (Fla. 3d DCA 1983) (defendant could withdraw his plea where defense counsel told him he was facing death penalty should he go to trial, but death was not an available sentence to the charge).[2]
*1128 The allegations contained in Gonzalez' sworn motion for post-conviction relief make a prima facie showing that the plea was not knowing and voluntary since it was entered in reliance on affirmative mis-advice as to the maximum penalty the defendant faced should he go to trial. Because the order on appeal, the transcripts of the plea colloquy, and agreement attached thereto do not conclusively show that the defendant is entitled to no relief, I would reverse and remand this case to the trial court and direct that it conduct an evidentiary hearing on the motion for post-conviction relief.
NOTES
[1] The relevant portion of the rule reads as follows:

"(c) Determination of Voluntariness. Except when a defendant is not present for a plea, ... the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, and the maximum possible penalty provided by law;
....
(i) Prejudice. Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice."
Fla.R.Crim.P. 3.172(c)(1), (i) (emphasis added).
[2] The majority opinion misses the point. Citing factually distinguishable cases for the broad proposition that plea bargains are governed by general contract principles, the majority concludes that Gonzalez should not receive an evidentiary hearing on his 3.850 motion because he "reneged on his portion of the bargained-for agreement...." I agree with the general proposition that contract law governs plea bargains. However, application of general contract principles to the allegations contained in Gonzalez's motion raise an important issue of whether there ever was a validly "bargained-for agreement" in this case.

Established contract principles support, rather than detract from, granting Gonzalez an evidentiary hearing on his motion. The affirmative mis-advice given to Gonzalez by the trial court and, allegedly, by his own counsel regarding the length of imprisonment he faced if he went to trial and was convicted arguably amounts to misrepresentation of a material fact. Under general contract principles, an agreement "negotiated" in reliance on a mistake of material fact or induced by a material misrepresentation is subject to rescission due to the absence of an important element of contract formation: mutual assent (a/k/a "meeting of the minds"). See generally 11 Fla.Jur.2d Contracts §§ 51-56 (1997); 36 Fla.Jur.2d Mistake (1997) and authorities cited therein.
If, as he contends in his motion, Gonzalez was under the mistaken impression (created by misadvice of trial court and counsel) that, regardless of the nature of his performance or non-performance of the substantial assistance/hearing appearance provisions of the plea, he would still be assured of receiving a sentence well below the statutory maximum if he accepted the plea agreement, but this fact was not true, then his "acceptance" of the agreement in the first place was inadequate to form a binding contract. If the evidence presented at a hearing on remand would show such a mistake of material fact or inducement created by affirmative mis-advice from the trial court and his counsel, under general contract principlesas well as the criminal law principle of "knowing and voluntary plea" Gonzalez would be entitled to withdraw his plea and proceed to trial.