743 So.2d 1196 (1999)
Mark SHERWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2012.
District Court of Appeal of Florida, Fourth District.
November 3, 1999.
Mark Sherwood, Lake City, pro se.
No appearance required for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Affirmed. Even if we assume that appellant's motion for postconviction relief is timely as based on newly discovered facts (the use of his prior conviction to enhance a subsequent conviction), it is without merit. Appellant claims that his trial counsel was ineffective in failing to advise appellant that his conviction in this case could be used to enhance future sentences. Under Florida Rule of Criminal Procedure 3.171(c)(2), a defense attorney shall advise the defendant of "all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof...." In State v. Ginebra, 511 So.2d 960, 962 (Fla.1987), superseded by rule on other grounds as stated in State v. De Abreu, 613 So.2d 453 (Fla.1993), the supreme court held that an attorney is required to advise a defendant only of the direct consequences of a potential plea and is not ineffective in failing to advise a defendant of collateral consequences. See *1197 also Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998); State v. Will, 645 So.2d 91, 94 (Fla. 3d DCA 1994). The use of a conviction to enhance a future sentence is clearly a collateral consequence of a plea and does not render a plea involuntary. See Rhodes v. State, 701 So.2d 388, 389 (Fla. 3d DCA 1997).
WARNER, C.J., DELL and POLEN, JJ., concur.