753 So.2d 595 (2000)
Kenneth P. FORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-576.
District Court of Appeal of Florida, Third District.
February 16, 2000.
Rehearing Denied April 5, 2000.
Kenneth P. Ford, in proper person.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Tamarac, for appellee.
Before JORGENSON, COPE, and FLETCHER, JJ.
PER CURIAM.
Kenneth P. Ford appeals from an order denying his petition for writ of error coram nobis. We affirm based on the authority of Somintac v. State, 748 So.2d 301 (Fla. 3d DCA 1999), Bartz v. State, 740 So.2d 1243 (Fla. 3d DCA 1999), Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998), Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997), and State v. A.J. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995).
In July of 1990, Ford pled guilty to robbery, burglary of a structure, and possession of a controlled substance. The trial court sentenced Ford to five years of probation. Ford was subsequently incarcerated for life in federal prison and for this reason his state probation was eventually terminated in 1992. Ford did not thereafter appeal or file for any post-conviction relief. In December of 1998, Ford *596 filed a motion for writ of error coram nobis, asserting that his counsel affirmatively misadvised him of the collateral consequences of his plea, and that the trial court failed to determine the factual basis for the plea pursuant to Florida Rule of Criminal Procedure 3.172. The trial court denied the petition and this appeal followed.
Based on Wood v. State, 750 So.2d 592 (Fla. 1999), we find the petition timely. Turning to the substance of the petition, Ford claims that his attorney erroneously advised him that his conviction could not be used to enhance any future state or federal sentence. However, neither the defense attorney nor the trial court is duty-bound to anticipate the defendant's recidivism and warn him of the sentence-enhancing consequences his plea may have for any future crimes he commits, and we conclude that Ford is not entitled to an evidentiary hearing on the matter. Rhodes v. State, 701 So.2d 388, 389 (Fla. 3d DCA 1997)("... the possibility of enhanced future sentences has an even more attenuated connection to the disputed plea than do the other collateral consequences deemed sufficiently harmful to the defendant to permit vacation of his plea."); see also Fox, 659 So.2d at 1327. Ultimately, however, Ford's generalized assertion is neither a defect cognizable by writ of error coram nobis nor is it legally sufficient to sustain it. See Fox, 659 So.2d at 1326, citing Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992)(in order to be legally sufficient, a petition for writ of error coram nobis must allege specific facts of such a vital nature that had they been known to the trial court, they conclusively would have prevented entry of judgment and sentence attacked); Bartz, 740 So.2d at 1245 (a generalized complaint is not legally sufficient to sustain a writ of error coram nobis); Somintac, 748 So.2d 301 (same).
Ford's final assertion, that the trial judge failed to elicit the factual basis for the plea during the plea colloquy, also fails. Not only is this claim not cognizable by writ of error coram nobis, it is not in itself a sufficient basis for the relief requested where the defendant has failed to establish prejudice or manifest injustice following Rule 3.172. Peart, 705 So.2d at 1063; Fox, 659 So.2d at 1327-28.
Affirmed.