774 So.2d 4 (2000)
Tony Ray BETHUNE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4115.
District Court of Appeal of Florida, Second District.
May 24, 2000.
Rehearing Denied October 4, 2000.
PER CURIAM.
Tony Ray Bethune appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Bethune claims that he received ineffective assistance of counsel *5 and that his plea of nolo contendere was involuntary due to trial counsel's failure to inform him of the potential future sentence-enhancing consequences of his plea, should Bethune receive a subsequent conviction. The trial court denied the motion, finding it was untimely and not subject to an exception to the two-year time limit for filing rule 3.850 motions. We affirm, but on different grounds than those expressed in the trial court's order.
Bethune filed his motion within two years of the date he learned of the potential for imposition of a habitual offender sentence as a result of his earlier conviction resulting from his plea. Based upon Peart v. State, 756 So.2d 42 (Fla.2000), decided after the trial court entered its order, we find the motion was timely filed. Nevertheless, we affirm.
Trial counsel need only advise a defendant of direct consequences of a plea. See State v. Ginebra, 511 So.2d 960 (Fla. 1987), superseded on other grounds by Florida Rule of Criminal Procedure 3.172; State v. De Abreu, 613 So.2d 453, 453 (1993) (holding "In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988) ... supersede[s] Ginebra to the extent of any inconsistency"). Counsel is not required to inform his client of potential sentence-enhancing consequences of his plea because it is a collateral consequence. See Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997). Thus, failure to do so cannot substantiate an ineffective assistance of counsel claim. Id. at 389. Similarly, as a collateral consequence, use of a conviction to enhance a future sentence does not render a plea involuntary. See Sherwood v. State, 743 So.2d 1196 (Fla. 4th DCA 1999). Therefore, the trial court's order is affirmed.
Affirmed.
CAMPBELL, A.C.J., and FULMER and STRINGER, JJ., Concur.