790 So.2d 550 (2001)
Fritz MAJOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1180.
District Court of Appeal of Florida, Third District.
July 18, 2001.
*551 Fritz Major, in proper person.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and COPE, JJ.
COPE, J.
Fritz Major appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We conclude that defendant-appellant Major is not entitled to relief, but certify a question of great public importance.

I.
In 1993 defendant entered a no contest plea to the crime of aggravated assault with a deadly weapon and served an eighteen-month prison sentence. Thereafter he committed a crime for which he was prosecuted in federal court. Defendant's federal sentence was enhanced because of his prior Florida conviction.
Defendant filed a petition for writ of error coram nobis in the Florida Supreme Court which was transferred to the trial court. The defendant filed within the two-year window of Wood v. State, 750 So.2d 592 (Fla.1999), so the petition is timely. Id. at 595. As directed by Wood, the petition for writ of error coram nobis is treated as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
Defendant contends that he should be allowed to withdraw his 1993 plea. He states that his defense counsel failed to advise him that his 1993 conviction pursuant to the plea could be used as a basis for enhancing a sentence for a future crime.
The trial court denied relief on authority of this court's decisions in State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995), and Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997); see also Dixson v. State, 785 So.2d 744 (Fla. 3d DCA 2001).
Defendant has appealed.

II.
We are firmly committed to the proposition that the type of claim advanced by the defendant is not cognizable by motion for postconviction relief, since there is no duty to anticipate a defendant's future recidivism. As we explained in Fox:
[A] judge is required to inform a defendant only of the direct consequences of his plea and is under no duty to apprise him of any collateral consequences. A direct consequence is one that has a "`definite, immediate, and largely automatic effect on the range of the defendant's punishment.'"
"`[A] plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea.'" The sentencing court is not required "to anticipate a defendant's recidivism." Therefore, the fact that the felony adjudication might be used against the defendant in a subsequent federal prosecution was a collateral consequence of the plea and was not an issue the trial judge was required to cover in the plea colloquy.
659 So.2d at 1327 (citations omitted); see U.S. v. Woods, 870 F.2d 285 (5th Cir.1989); Dixson, 785 So.2d at 744; Rhodes, 701 So.2d at 389.
As a matter of common sense, a defendant is already under a legal duty not to go out and commit more crimes in the future, regardless of whether the penalty is "ordinary" or enhanced. Neither the *552 court nor counsel is required to advise a defendant what penalty he can expect to receive for crimes not yet committed. The defendant can avoid further sentencing consequences, enhanced or otherwise, by refraining from committing new crimes.
Future sentence enhancement for a later crime is not a direct consequence of a plea at all, but is instead contingent first on the defendant's voluntary decision to commit another crime; second, on whether the new crime is one capable of having enhanced sentencing; and third, on the prosecutor's discretionary decision whether to seek enhancement. Future sentence enhancement is plainly a collateral consequence, not a direct consequence, of the defendant's plea in the earlier case. Judge Echarte's ruling which denied relief is entirely correct.

III.
We must, however, address a seemingly contrary statement in a recent decision of the Florida Supreme Court, State v. Perry, 786 So.2d 554 (Fla.2001). In that coram nobis case, the Florida Supreme Court said:
The second element requires that a defendant be sufficiently informed so that he or she understands the consequences of his or her pleathat the defendant realizes the decision to plead guilty waives some of his or her constitutional rights, like the right to a jury trial, as well as other significant consequences. Williams, 316 So.2d at 271. This Court accordingly has permitted a writ of error coram nobis where the petitioner asserted he was not informed his plea could constitute a "prior offense" in subsequent proceedings. See Wood v. State, 750 So.2d 592 (Fla.1999). See also Peart v. State, 756 So.2d 42 (Fla. 2000) (permitting a writ of error coram nobis where petitioners asserted they were not informed that deportation was a possible consequence of their pleas).
State v. Perry, 786 So.2d at 557..
We conclude that the foregoing portion of the Perry decision is dictum. The actual issue in Perry was whether the defendant had truly been guilty of grand larceny when he took a motorcycle temporarily for a "joyride." Id. at 555. There was no issue in Perry regarding future recidivism. Perry's claim was that under the facts of the case, he was not guilty of a felony at all. Id. at 557.
The Perry decision relies on Wood. But the only issue in Wood was whether Wood's petition for writ of error coram nobis was subject to a two-year time limit. 750 So.2d at 595. In footnote three of Wood, the court specifically declined to reach any other issue than the question of timeliness. Id. at 595 n. 3.
The Florida Supreme Court has previously held that a "trial judge is under no duty to inform a defendant of the collateral consequences of his guilty plea." Ginebra, 511 So.2d 960, 960-61 (Fla.1987). That part of Ginebra remains good law.[*] The consequence under discussion herepossible future sentence enhancement if the defendant commits a future crimeis a collateral consequence. We conclude that Perry and Wood have not overturned this court's decisions in Fox, Rhodes, and Dixson.
The issue now before us should be authoritatively resolved. The issue is being routinely raised in motions for postconviction *553 relief by defendants whose sentences have been enhanced in state or federal court on account of an earlier plea in a Florida case. We therefore certify that we have passed on the following question of great public importance:
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
Affirmed; question certified.
NOTES
[*] With respect to the immigration consequences of a plea, Ginebra has been superseded by amendment to Florida Rule of Criminal Procedure 3.172 for sentences imposed after January 1, 1989. Peart v. State, 756 So.2d 42 (Fla.2000); State v. De Abreu, 613 So.2d 453 (1993).