796 So.2d 589 (2001)
Darryl BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2925.
District Court of Appeal of Florida, Second District.
September 12, 2001.
ALTENBERND, Judge.
Darryl Baker appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He alleges that, pursuant to Wood v. State, 750 So.2d 592 (Fla. 1999), he is entitled to withdraw his pleas in multiple cases because he was not informed of the possible future sentence-enhancing consequences of the convictions. As we did in the companion case of Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001), we conclude that the resolution of this issue will have a great effect on the proper administration of justice throughout the state. Therefore, pursuant to Florida Rule of Appellate Procedure 9.125, on our own motion, we certify that the issue requires immediate resolution by the Supreme Court of Florida under article V, section 3(b)(5), of the Florida Constitution.
Mr. Baker attacks seven Florida convictions[1] that have been used to enhance the federal sentence he is now serving. Mr. Baker alleges that his pleas were involuntary, and his counsel was ineffective because he was not informed that the convictions could be used to enhance any subsequent sentence. Relying on Bethune v. State, 774 So.2d 4 (Fla. 2d DCA 2000), and Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997), the trial court denied Mr. Baker's motion on its merits finding that neither counsel nor the trial court was obligated to advise him of the potential future sentence-enhancing effects of the convictions.
For the reasons articulated in Bismark, case number 2D01-2672, we respectfully ask the Supreme Court of Florida to accept jurisdiction for an immediate resolution of the issue of whether Mr. Baker is entitled to withdraw his pleas based on the failure of the trial court or counsel to advise him that they could be used to enhance a future federal sentence.
PARKER, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] In case number 90-586, Mr. Baker pleaded no contest to possession with intent to sell cocaine on November 5, 1990, and was sentenced to three years of probation. He violated his probation and was sentenced to nine months' county jail on August 13, 1992. In case number 92-2356, he pleaded no contest to possession of contraband in a detention facility and possession of marijuana and was sentenced to six months' county jail. In case number 94-291, he pleaded no contest to possession of cocaine and was sentenced to twelve months' probation. He violated his probation and was sentenced to eleven months' jail. In case number 97-1801, he pleaded no contest to possession of cocaine and was sentenced to seven months' jail. In case number 99-25, he pleaded no contest to possession of cocaine and was sentenced to time served.

Mr. Baker also attacked three misdemeanor convictions. The trial court did not address these claims presumably because the motion attacking them should have been filed in county court.