796 So.2d 584 (2001)
Thomas M. BISMARK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2672.
District Court of Appeal of Florida, Second District.
September 12, 2001.
ALTENBERND, Judge.
Thomas M. Bismark appeals the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In that motion, he alleged that he was entitled to withdraw his plea pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), because he was not informed of the possible future sentence-enhancing consequences of the *585 conviction. We conclude that the resolution of this issue will have a great effect on the proper administration of justice throughout the state. Therefore, pursuant to Florida Rule of Appellate Procedure 9.125, on our own motion, we certify that the issue requires immediate resolution by the Supreme Court of Florida under article V, section 3(b)(5), of the Florida Constitution.
On April 19, 1995, Thomas Bismark pleaded no contest to grand theft and was sentenced to two years' prison with credit for time served. He was released from prison on December 24, 1996. He was subsequently convicted of another crime and the 1995 conviction was used as a predicate offense to habitualize him. Mr. Bismark alleges that counsel erred in failing to advise him that his 1995 conviction could be used to enhance any sentence he received on a subsequent conviction. He further alleges that he would not have pleaded but would have proceeded to trial had he been advised of the possible future sentence-enhancing consequences of his plea.
The trial court found that the motion was timely pursuant to Wood but summarily denied it on its merits. Relying on Bethune v. State, 774 So.2d 4 (Fla. 2d DCA 2000), the trial court concluded that the potential sentence-enhancing effect of the plea on the subsequent conviction was a collateral consequence of which neither counsel nor the trial court was required to advise Mr. Bismark.
Prior to the supreme court's decisions in Wood and State v. Perry, 786 So.2d 554 (Fla.2001), we would have agreed with the trial court's analysis. We conclude, however, that those two decisions at least appear to compel the opposite result. In Perry, while discussing the requirements necessary for taking a plea, the supreme court stated:
The second element [i.e., that the defendant understand the nature of the charge and the consequences of the plea] requires that a defendant be sufficiently informed so that he or she understands the consequences of his or her pleathat the defendant realizes the decision to plead guilty waives some of his or her constitutional rights, like the right to a jury trial, as well as other significant consequences. Williams, 316 So.2d at 271. This Court accordingly has permitted a writ of error coram nobis where the petitioner asserted he was not informed his plea could constitute a "prior offense" in subsequent proceedings. See Wood v. State, 750 So.2d 592 (Fla.1999).
786 So.2d at 557.
Although we agree with the Third District that this passage is dictum, see Major v. State, 790 So.2d 550 (Fla. 3d DCA 2001), the passage also seems to clarify that the court intended to hold in Wood that failure to advise of future sentence-enhancing consequences may invalidate a plea. While the Wood opinion itself was not clear on this point, this interpretation is consistent with the court's decision to remand Wood's petition for further proceedings. Thus, although we are in agreement with prior case law holding that future sentence-enhancing effects of a conviction are collateral consequences of which a defendant need not be informed, Bethune, 774 So.2d at 5; Sherwood v. State, 743 So.2d 1196 (Fla. 4th DCA 1999); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995), we believe that the supreme court may have implicitly overruled that case law in Wood and Perry.
If we were to so hold, however, our ruling would have wide-ranging consequences. Most, if not all, of the defendants in this district who have taken advantage of the Wood window to make such claims would be entitled to evidentiary hearings. Of the appeals we have reviewed *586 thus far, none of the trial court orders has denied these claims on the basis that they were conclusively refuted by the record. We have yet to see a transcript of a plea colloquy wherein the trial court advised the defendant of the future sentence-enhancing consequences of the plea or a standard plea form which included this warning. We suspect that after an evidentiary hearing many defendants making this claim might be entitled to withdraw their pleas.
Mr. Bismark and Mr. Baker, whose appeal we also pass through today in Baker v. State, 796 So.2d 589 (Fla. 2d DCA 2001), are merely examples of the many defendants who have taken advantage of the Wood window to raise this issue. Because of the sheer number of defendants making this claim and the amount of time it would require circuit courts to conduct evidentiary hearings, we have elected to stay all appeals raising this issue until the supreme court has resolved it or declined to accept jurisdiction.
We also note that this claim is not limited to those defendants who were entitled to seek relief during the Wood window.[1] Rather, any defendant who pleaded and whose conviction became final within the last two years who was not warned of the future sentence-enhancing consequences of the conviction might be entitled to withdraw his or her plea. It would also affect any defendant pleading in the future. Trial courts in this district would be compelled to alter their plea colloquies and trial counsel the advice they routinely give their clients. Standard plea forms would need to be altered to include this information.
Such a holding today would also result in differing standards for the acceptance of pleas within the state. The Third District has concluded that defendants need not be warned of the future sentence-enhancing consequences of a conviction. Major, 790 So.2d 550. Defendants in that district would not be entitled to withdraw pleas on this basis, nor would future defendants have to be warned of these consequences. We believe that a split in the districts on an issue as important as this one would have a great effect on the proper administration of justice throughout the state.
For the foregoing reasons, we conclude that this issue requires resolution by the supreme court. Accordingly, we respectfully ask the Supreme Court of Florida to accept jurisdiction for an immediate resolution of this issue.
PARKER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] The window created by Wood v. State, 750 So.2d 592 (Fla.1999), closed May 27, 2001. We do not believe however that we have seen the end of the Wood appeals. It appears that at least one circuit in this district is still ruling on motions filed well before the end of the Wood window. We thus expect to receive Wood appeals from that circuit at least through the end of the year.