COPE, J.
Larry Jones appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Jones filed a petition for writ of error coram nobis in the trial court, which the court treated as a motion for postconviction relief. Defendant’s motion is timely under Wood v. State, 750 So.2d 592 (Fla.1999).
Defendant sought to set aside seven pri- or convictions entered by the Miami-Dade County circuit court between 1976 and 1991. He explains that he is presently a federal prisoner, whose sentence was enhanced by reason of the prior Florida convictions. He argues that he is entitled to relief because neither his attorneys nor the courts “informed him that at the time he entered the pleas, that they could be used against him in federal court as a ‘prior offense.’ ”
We affirm Judge Dennis’ order denying relief. “Neither the court nor counsel is required to advise a defendant what penalty he can expect to receive for crimes not yet committed. The defendant can avoid further sentencing consequences, enhanced or otherwise, by refraining from committing new crimes.” Major v. State, 790 So.2d 550, 551-52 (Fla. 3d DCA 2001). See also Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001); Baker v. State, 796 So.2d 589 (Fla. 2d DCA 2001).
As we did in Major, we certify that we have passed on the following question of great public importance:
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
Affirmed; question certified.