COPE, J.
Frederick E. Melvin appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Melvin filed a petition for writ error coram nobis in the trial court. The trial court properly treated the petition as a motion for postconviction relief which was timely filed under Wood v. State, 750 So.2d 592 (Fla.1999).
In 1981 defendant entered a no contest plea to two felony counts in Dade County Circuit Court case number 81-260173. In 1990 defendant was adjudicated guilty in another case. His 1990 sentencing guidelines scoresheet included a score for his 1981 offenses as prior record.
Defendant now asks for postconviction relief on the theory that no one warned *637 him that his 1981 convictions would be included in his sentencing guidelines score-sheet if he committed a new crime. He says that “his lawyer did not tell him that his plea could be used against him as ‘prior offenses.’ ” Defendant asks that his 1981 convictions be set aside, thus eliminating them from his 1990 scoresheet.
To begin with, the sentencing guidelines did not exist in 1981, so counsel could not have given advice about the guidelines in any event. See ch. 82-145, Laws of Fla. (creating Sentencing Commission to develop sentencing guidelines).
The more important point is, as stated by the trial court:
The defendant is not entitled to an evidentiary hearing where the alleged misadvice was as to potential for enhanced penalties for future criminal behavior. Neither defense attorney nor trial court are required to “warn” defendant of sentence-enhancing consequences his plea will have as to any future crimes he may commit; neither trial court nor defense counsel have [a] duty to anticipate defendant’s recidivism. See Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997).
See Major v. State, 790 So.2d 550, 551-52 (Fla. 3d DCA 2001); see also Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001); Baker v. State, 796 So.2d 589 (Fla. 2d DCA 2001). “The defendant can avoid further sentencing consequences, enhanced or otherwise, by refraining from committing new crimes.” Major, 790 So.2d at 552. As we did in Major, we certify that we have passed on the following question of great public importance:
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
Affirmed; question certified.