PER CURIAM.
Vincent W. Edwards appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Edwards is a prisoner now in federal custody. He alleges *647 that he is serving a federal sentence which was enhanced by virtue of a guilty plea he entered in 1980 to the charges of burglary and grand theft. Defendant’s postconviction motion is timely under Wood v. State, 750 So.2d 592 (Fla.1999).
Defendant contends that his 1980 plea should be set aside because the trial court failed to advise him that the 1980 conviction could be used in a subsequent proceeding to enhance any future sentence for a future crime. The trial court denied relief and we affirm on authority of Major v. State, 790 So.2d 550 (Fla. 3d DCA 2001). See also Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001); Baker v. State, 796 So.2d 589 (Fla. 2d DCA 2001). As we did in Major, we certify that we have passed on the following question of great public importance:
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
Affirmed; question certified.