ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant Kevin McPhee a/k/a Donte Ramon Laws’s motion to recall the mandate and for rehearing, withdraw our previously issued opinion and replace it with the following:
In 1994, McPhee was convicted of manslaughter after entering a negotiated plea of nolo contendere. He filed a timely Rule 3.850 motion for post-conviction relief pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), contending that he was not advised by his attorney that his plea possibly could be used to enhance future sentences.
We affirm the order denying relief based on our opinions in Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997), and Major v. State, 790 So.2d 550 (Fla. 3d DCA 2001). See also Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001); Baker v. State, 796 So.2d 589 (Fla. 2d DCA 2001). As we have in Major, we certify that we have passed on the following question of great public importance:
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
Affirmed; question certified.