PARKER, Acting Chief Judge.
Gerrard D. Jones appeals the trial court order which denied his motion for postcon-viction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without prejudice to Jones’s right to file a facially sufficient motion within thirty days of the date this court’s mandate, issues.
Jones filed a motion which alleged that he is entitled to relief under Wood v. State, 750 So.2d 592 (Fla.1999), because his attorney gave him affirmative misadvice during a plea hearing in this 1991 case. Jones alleged that his attorney told him that his plea in this case would be “history” and could never be used against Jones again with respect to a subsequent conviction. Jones also alleged that he would not have entered the plea except for this misadvice; instead, he would have gone to trial.
Because Jones alleged active misadvice by his attorney, we decline to stay this case or to certify it to the supreme court as we did in Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001).[1] However, because Jones’s motion is facially insufficient for this court to determine the facts involved in the original plea and its application to any subsequent enhanced sentences, we affirm this case without prejudice to Jones’s right to file a facially sufficient motion within thirty days of the date this court’s mandate issues.
Affirmed.
SALCINES and STRINGER, JJ, Concur.

. In Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001), there was no allegation by the defendant of active misadvice by his attorney. The defendant in that case alleged that his attorney failed to advise him that his 1995 conviction could be used to enhance any sentence he received on a subsequent conviction and further alleged he would not have pleaded but would have proceeded to trial had he been advised of the possible future sentence-enhancing consequences of his plea.