PER CURIAM.
We affirm the order summarily denying Appellant’s motion for post-conviction relief, but not for the reasons given by the trial court’s order of denial.
Appellant’s motion for post-conviction relief was timely pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), which applies to his case because he was in custody for purposes of the challenged conviction only during a six-month period of probation. Id. at 597 (Wells, J., concurring) (opining “that the only defendants who would have a viable coram nobis claim and come within this opinion are those who were either never in custody or who were in custody for less than two years and who have not previously filed a coram nobis petition”) (emphasis added). Additionally, appellant’s claims could not have been raised on direct appeal. They could be raised only by means of a motion to withdraw his plea, which is what he sought to do in the instant motion.
However, we determine that the trial court nevertheless did not err in summarily denying the motion because the claims lacked merit. See, e.g., Sherwood v. State, 743 So.2d 1196, 1197 (Fla. 4th DCA 1999) (reaffirming that “the use of a conviction to enhance a future sentence is clearly a collateral consequence of a plea and does not render a plea involuntary”). We certify as a question of great public importance the same question certified in Major v. State, 790 So.2d 550, 553 (Fla. 3d DCA 2001), rev. granted, 797 So.2d 586 (Fla. 2001):
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
STONE, HAZOURI and MAY, JJ., concur.