806 So.2d 621 (2002)
David WOODS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D01-2287, 3D01-2289 and 3D01-2405.
District Court of Appeal of Florida, Third District.
February 6, 2002.
Sale & Kuehne and Susan Dmitrovsky, for appellant.
Robert A. Butterworth, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, J.
David Woods appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The motion is timely under Wood v. State, 750 So.2d 592 (Fla.1999).
Defendant-appellant Woods entered into plea bargains in Miami-Dade County circuit court case numbers 94-40615, 95-18, and 95-15869. He alleges that his counsel failed to advise him that his convictions in those cases could be used against him in the future as a prior offense for purposes of a habitual offender sentence. The trial court denied relief and defendant has appealed.[1]
We affirm the trial court orders on authority of Major v. State, 790 So.2d 550 (Fla. 3d DCA), review granted, 797 So.2d 586 (Fla.2001). As we did in Major, we certify that we have passed on the following question of great public importance:
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
The defendant argues that his motion in fact alleges affirmative misadvice by his counsel, rather than a simple failure to advise. We do not think that the motions *622 filed below can fairly be so read.[2] Assuming arguendo that the defendant intended to allege affirmative misadvice, we reject that claim on authority of Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997), Ford v. State, 753 So.2d 595 (Fla. 3d DCA 2000), and Collier v. State, 796 So.2d 629 (Fla. 3d DCA 2001).
Affirmed; question certified.
NOTES
[1] Defendant states that thereafter he was sentenced as a habitual offender in Miami-Dade County circuit court case number 95-22610, and that the underlying convictions were used as predicate offenses.
[2] Each motion alleges:

The defendant's court appointed lawyer did not tell him at the time he entered his plea that the plea could be used against him in state court as a prior offense for purposes [of] an habitual offender sentence. Had the defendant been advised the plea and conviction could be used as the basis for a future habitual offender sentence, the defendant would not have accepted the plea. Thus, absent appointed counsel's misleading advice, the defendant would not have pled guilty.
The defendant's plea and his conviction were used as a basis to impose an enhanced sentence. Had the defendant been aware of the potential for enhancement, he would not have pled to the case. His appointed counsel's ineffective assistance fell far below the applicable standard of competence. The defendant was severely prejudiced by virtue of appointed counsel's ineffective assistance.