PER CURIAM.
Appellant, Armando Ramirez Albo, (“defendant”), appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, claiming he entered into a plea of nolo contendere involuntarily.
Defendant contends that his plea should be set aside because counsel and the trial court failed to advise him that his 1992 conviction could be used against him in a subsequent proceeding to enhance any future sentence for a future crime. The trial court denied defendant’s postconviction motion because the record conclusively refuted the defendant’s claim that his plea was involuntary and the result of incorrect legal advice. See Bond v. State, 695 So.2d 778 (Fla. 1st DCA 1997).
We affirm the trial court’s order on authority of Major v. State, 790 So.2d 550 (Fla. 3d DCA), review granted, 797 So.2d 586 (Fla.2001), and certify, as we did in Major, the following question of great public importance:
WHETHER THE TRIAL COURT OR COUNSEL HAVE A DUTY TO ADVISE A DEFENDANT THAT HIS PLEA IN A PENDING CASE MAY HAVE SENTENCE ENHANCING CONSEQUENCES IF THE DEFENDANT COMMITS A NEW CRIME IN THE FUTURE?
Affirmed; question certified.