810 So.2d 1023 (2002)
Richard DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-602.
District Court of Appeal of Florida, Second District.
March 8, 2002.
*1024 PARKER, Judge.
Richard Diaz appeals the trial court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In his motion, Diaz alleged that in July 1993 he was charged with four counts of lewd and lascivious activity on a minor. Concerned with the possibility of sexual offender registration and reporting requirements, Diaz advised his attorney that he did not want to enter a plea if he would be subject to any registration or reporting requirements upon his release from prison. Diaz's attorney told him at that time that, after Diaz's release from prison, he would not be required to register under any law and that he would be able to go anywhere without having to answer to any agency. Based on this information, Diaz entered a negotiated guilty plea to three charges of lewd and lascivious activity on a minor and was sentenced in February 1994 to concurrent terms of fifteen years in prison.
Upon Diaz's conditional release from prison in 1999,[1] the State notified him that he was subject to the registration and reporting requirements of section 943.0435, Florida Statutes (1997), and Diaz learned that the Florida Department of Law Enforcement had posted his name and photograph on the Internet as a sexual offender. Diaz then filed this motion for postconviction relief, seeking to withdraw his guilty plea and alleging ineffective assistance of counsel based on counsel's misadvice concerning the consequences of Diaz's plea. The trial court denied Diaz's motion, and Diaz appealed.
Initially, we note that the registration and reporting requirements of section 943.0435 are collateral consequences of a guilty plea. See Watrous v. State, 793 So.2d 6, 10 (Fla. 2d DCA 2001) (holding that the possible civil commitment of a sexual predator for treatment following completion of a prison sentence is a collateral consequence of a guilty plea to any qualifying offense). While counsel is not generally required to advise a defendant of the collateral consequences of a plea,[2] affirmative *1025 misadvice regarding collateral consequences may provide a basis for withdrawing a plea. Id. at 11. See also Simmons v. State, 611 So.2d 1250, 1251 (Fla. 2d DCA 1992); Ray v. State, 480 So.2d 228, 229 (Fla. 2d DCA 1985). The question here is whether affirmative misadvice concerning the requirements of a law that was not in existence when the advice was given constitutes ineffective assistance of counsel. We hold that it is not.
In order to obtain postconviction relief based on ineffective assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Under this standard, counsel cannot be deemed ineffective for failing to anticipate changes in the law. Cherry v. State, 781 So.2d 1040, 1053 (Fla.2000); Nelms v. State, 596 So.2d 441, 442 (Fla.1992) ("Defense counsel cannot be held ineffective for failing to anticipate changes in the law."); Stevens v. State, 552 So.2d 1082, 1085 (Fla. 1989) ("We have previously stated that claims of ineffective assistance of counsel that place a duty upon defense lawyers to anticipate changes in the law are without merit.").
Here, the registration and reporting requirements for sexual offenders to which Diaz is subject did not become law until October 1997more than three years after after Diaz entered his plea. When Diaz was contemplating entering a plea to the charges against him, no registration or reporting requirements existed for defendants in Diaz's position, and counsel's advice to Diaz was correct. Because the law does not require counsel to anticipate changes in the law, we refuse to set aside a plea based on advice that was correct at the time of the plea and which became incorrect only when the legislature later enacted new law.
Affirmed.
NORTHCUTT and STRINGER, JJ., Concur.
NOTES
[1] Diaz's motion reflects that he is now in the custody of the Department of Corrections, but the record does not reflect why he was returned to custody.
[2] As of the date of this opinion, defense counsel is not generally required to advise a defendant of the collateral consequences of a plea. However, this court recently certified the issue of whether counsel must advise a defendant of the possible future sentence-enhancing consequences of a plea or conviction as requiring immediate resolution by the supreme court. See Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001). Resolution of the issue in Bismark does not effect our decision in this case.