784 So.2d 460 (2000)
Charles E. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2876.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
Opinion Denying Rehearing March 28, 2001.
Charles E. Smith, Arcadia, pro se.
*461 Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Charles E. Smith (Appellant) appeals the summary denial of his motion for postconviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand.
Appellant alleged that on April 18, 1994, he entered a guilty plea and was sentenced to four days time served for aggravated battery, disorderly conduct, resisting arrest, and battery. There was no direct appeal. In his postconviction motion filed on March 27, 2000, nearly six years later, he claimed his plea was involuntarily induced by ineffective assistance of defense counsel, who misadvised him, when he asked whether the charges could be used against him as a prior conviction in federal or state court, that they could not be, and that if it were not for such misadvice, he would have proceeded to trial. At the time, he was being investigated on other charges, which he discussed with counsel. Six months later, the other charges were filed, and following a jury trial on those other charges, he was found guilty. The aggravated battery charge in the instant case was used to enhance his sentence in the later case, so that he was sentenced as a habitual violent felony offender. In filing the motion to vacate the instant conviction and sentence, he argued that his motion was timely filed pursuant to Wood v. State, 750 So.2d 592 (Fla.1999)(providing that all defendants previously adjudicated would have two years from issuance date of May 27, 1999, in which to file rule 3.850 motions raising claims traditionally cognizable under coram nobis). The trial court summarily denied the motion based on the State's response, which was that the motion was untimely as Appellant had learned shortly after entering his plea that counsel's advice was wrong and could have filed his motion within two years of his conviction.
However, Appellant was not in custody on the conviction he now challenges when he learned that counsel's advice was wrong, and so relief was not available to him under rule 3.850, as it contained a requirement, until the issuance of Wood, that the movant be in custody.
The State now argues that Appellant is not entitled to the extended time limit available under Wood because that decision was limited to "claims traditionally cognizable under coram nobis." Id. at 595. However, as Appellant points out in his reply, the claim raised by the movant in Wood was that his defense counsel failed to tell him at the time he entered his plea that it could be used against him as a prior offense in federal court. If such a claim was considered sufficiently cognizable under coram nobis for the supreme court to find that Wood's motion was timely, then Appellant's motion also must be considered as timely.
Accordingly, the order summarily denying Appellant's motion is reversed and the case is remanded for further consideration.
WARNER, C.J., STEVENSON and SHAHOOD, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the State's motion for rehearing, filed in response to this court's opinion dated December 20, 2000, which reversed an order of the trial court summarily denying the appellant's rule 3.850 motion for postconviction relief.
The trial court's denial was based on the untimeliness of the motion. This court reversed after determining that the time *462 had not expired based on the application of Wood v. State, 750 So.2d 592 (Fla.1999)(providing that all defendants previously adjudicated would have two years from issuance date of May 27, 1999, in which to file rule 3.850 motions raising claims traditionally cognizable under coram nobis).[1] Appellant was never in custody on the challenged convictions because he was sentenced only to four days time served; therefore, he could not file a rule 3.850 motion as to those convictions until the supreme court removed the custody requirement from rule 3.850(a) in Wood.
The State seeks to distinguish this case from Wood because Appellant was placed in state custody on other convictions less than a year after the date of the challenged conviction, while the defendant in Wood was in federal custody on his other convictions. Both movants' sentences had been enhanced due to their convictions for the challenged offenses. The State takes the position that, prior to the supreme court's removal of the custody requirement from rule 3.850(a) in Wood, Appellant could have challenged his conviction under rule 3.850 during the time he was in state custody on his subsequent convictions.
We can discern in Wood no indication that the supreme court intended to distinguish between defendants held in state custody on other offenses and defendants held in federal custody on other offenses. Accordingly, the motion for rehearing is denied.
STEVENSON and SHAHOOD, JJ., concur. WARNER, C.J., concurs specially with opinion
WARNER, C.J., concurring specially.
While I agree that Wood applies to this case, it does not avoid the state's laches defense that appellant discovered counsel's misadvice and could have sought relief at a much earlier time. See Bartz v. State, 740 So.2d 1243 (Fla. 3d DCA 1999). That claim is subject to an evidentiary hearing also.
NOTES
[1] The movant in Wood alleged that his attorney failed to advise him at the time that he entered his plea that it could be used against him as a prior offense in federal court. The court in Wood addressed the procedural aspects of Wood's claim and did not determine that, on the merits, a claim of failure to advise of collateral consequences of a plea, as opposed to affirmative misadvice, would merit post-conviction relief. See State v. Ginebra, 511 So.2d 960, 962 (Fla.1987)(holding that an attorney is required to advice a defendant of the direct consequences of a plea and will not be found ineffective for failing to advise of collateral consequences of the plea), superseded by rule on other grounds as stated in State v. De Abreu, 613 So.2d 453 (Fla.1993); Sherwood v. State, 743 So.2d 1196 (Fla. 4th DCA 1999)(on rehearing).