795 So.2d 267 (2001)
Darron JOYNER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1591.
District Court of Appeal of Florida, First District.
October 2, 2001.
Appellant, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
*268 PER CURIAM.
On appeal from denial of his motion under Florida Rule of Criminal Procedure 3.850 without an evidentiary hearing, Darron Joyner contends he is entitled to prove that he would not have pleaded guilty to possession of burglary tools in exchange for time served but for defense counsel's affirmative misadvice "that youthful offender adjudications didn't count as prior conviction[s], thereby not qualit[at]ive for future repercussions." Although he gives his address as Walton Correctional Institution, he makes no mention here or below of any subsequent conviction. See generally State v. Perry, 786 So.2d 554, 557 (Fla. 2001). Compare Smith v. State, 784 So.2d 460, 461 (Fla. 4th DCA 2000), with Rhodes v. State, 701 So.2d 388, 389 (Fla. 3d DCA 1997). On appeal, the only "repercussion" he identifies is loss of the right to vote. Appellant is entitled to an evidentiary hearing on this claim of ineffective assistance of counsel unless the record conclusively refutes his claim. See generally Peart v. State, 756 So.2d 42, 47-48 (Fla. 2000); Wood v. State, 750 So.2d 592, 594-95 (Fla.1999).
Reversed and remanded for an evidentiary hearing or for attachment of portions of the record conclusively refuting appellant's claim.
ERVIN, BARFIELD and BENTON, JJ., concur.