796 So.2d 629 (2001)
Edward COLLIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2398.
District Court of Appeal of Florida, Third District.
October 10, 2001.
Edward Collier, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, GREEN and SHEVIN, JJ.
COPE, J.
Edward Collier appeals an order denying his motion for postconviction relief. We affirm.
In 1990 defendant-appellant Collier entered a plea to the charge of armed robbery. He received a sentence of a year and a day in state prison followed by two years of community control. It appears that he was sentenced as a youthful offender.
Subsequently, defendant was convicted of another crime in Miami-Dade County Circuit Court case number 96-8025. The defendant's 1990 conviction was used to enhance the sentence in the 1996 case.
Relying on Wood v. State, 750 So.2d 592 (Fla.1999), defendant filed a motion for postconviction relief seeking to set aside his 1990 plea. Defendant alleges that at the time of the 1990 plea, "trial counsel told petitioner that these convictions would not be used against him in the future *630 because he is a juvenile.... [B]ut for such misadvice by counsel[,] Petitioner would not have pleaded to the charges, but would have [proceeded to] trial had he known that these convictions would be used to enhance any future conviction." The trial court denied the defendant's Rule 3.850 motion and he has appealed.
For present purposes we assume that counsel advised the defendant that the 1990 convictions would not be used against him in the future. Assuming such advice was given, it does not form a basis for postconviction relief.
Neither the sentencing court nor counsel is required "to anticipate a defendant's future recidivism." Major v. State, 790 So.2d 550, 551 (Fla. 3d DCA 2001). The court and counsel are entitled to assume that the defendant will obey the law in the future and not commit more crimes. Id.
Assuming counsel advised defendant that his 1990 plea could not be used against him in the future, such advice is properly viewed as addressing the civil effects of the plea, not future recidivism. "Neither the court nor counsel is required to advise a defendant what penalty he can expect to receive for crimes not yet committed." Id. at 552. See also Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997).
Affirmed.