814 So.2d 475 (2002)
LaMarr LOVE a/k/a John Stokes, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2506.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*476 LaMarr Love a/k/a John Stokes, Forrest City, AR, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
LaMarr Love, a/k/a John Stokes, (Appellant) appeals an order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Appellant entered a plea of nolo contendere to attempted trafficking in cocaine and was sentenced to four years on March 24, 1987; he did not appeal. In 1995, he was sentenced in federal court on an unrelated offense, and beginning in 1996, he began filing a series of postconviction motions in the state court challenging the cocaine conviction and alleging that it had been used to enhance his federal sentence. Each was denied, inter alia, as being time-barred.
On March 26, 2001, Appellant filed the instant motion, the first one filed after the supreme court issued Wood v. State, 750 So.2d 592, 595-97 (Fla.1999) (amending rule 3.850 so that it now applies to those who are not in custody at the time they file their motion). He raised the following two claims for relief: (1) ineffective assistance of counsel; and (2) involuntary plea. With respect to the claim of involuntary plea, Appellant's allegations included one of affirmative misadvice of counsel-that counsel advised him that his nolo plea would not function in the same manner as a guilty plea and that it could not be used against him in any subsequent proceedings. He also stated that had he been made aware of the actual penalty he faced, he would not have pleaded nolo contendere, but would have insisted on going to trial.
The trial court explained in its order of denial that the motion was procedurally barred because it was not sworn to. However, the factual allegations were contained in a properly sworn affidavit which Appellant attached to his motion. An unsworn motion may be cured by a properly sworn affidavit supporting the grounds of the motion. See Price v. State, 487 So.2d 34, 35 (Fla. 1st DCA 1986) (on rehearing).
Second, the court explained that the motion was time-barred. With respect to Appellant's claim that his motion was timely pursuant to Wood, the trial court explained that the claims were not cognizable under Wood because they were or could have been raised within the time constraints of rule 3.850; that claims of ineffective assistance of counsel and involuntary plea are not errors of fact that are cognizable in a traditional writ of error coram nobis; and that coram nobis cannot breathe life into postconviction claims that previously have been time-barred.
In Wood, the supreme court determined that the two-year time limit of rule 3.850(b) should apply to petitions for writ of error coram nobis, but provided that such decision would apply to all defendants adjudicated guilty after the date of Wood (May 27, 1999). 750 So.2d at 594-95. All defendants previously adjudicated would have two years from that date in which to file claims traditionally cognizable under coram nobis. Justice Wells' concurring opinion expressed his understanding "that the only defendants who would have a *477 viable coram nobis claim and come within this opinion are those defendants who were either never in custody or who were in custody for less than two years and who have not previously filed a coram nobis petition." Id. at 597. Appellant states that his sentence for the challenged conviction terminated in December 1990. As his sentence became final in April 1987, he had two years in custody in which to raise all of his ineffective assistance of counsel and involuntary plea claims within the two-year period after his conviction and sentence became final, except the claim that counsel was ineffective for misadvising him that his nolo plea would not function in the same manner as a guilty plea and that it could not be used against him in any subsequent proceedings.
This court has held that a claim of affirmative misadvice can be a proper ground for rule 3.850 by way of the former writ of error coram nobis, under Wood. See Smith v. State, 784 So.2d 460, 461 (Fla. 4th DCA 2000) (holding appellant had two years from issuance of Wood in which to file a postconviction motion claiming that his guilty plea, which was used to enhance sentence for subsequent offense, was involuntarily induced by ineffective assistance of defense counsel who misadvised him that charges could not be used against him as a prior conviction in federal or state court); see also Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001). Contra Collier v. State, 796 So.2d 629 (Fla. 3d DCA 2001). If Appellant did not learn that the advice complained of was mistaken until he was sentenced in federal court in 1995, at which time he was no longer in custody on the challenged conviction, then he could not have raised that claim pursuant to rule 3.850 within the two-year period after his conviction and sentence became final. He did raise it within two years of the federal sentence, although he did so prior to the issuance of Wood. The instant motion, filed within two years of the supreme court's issuance of Wood, should be considered timely. See Peart v. State, 756 So.2d 42, 46 (Fla.2000) (holding that two-year limitations period applicable to claim that trial court failed to inform defendant of possible deportation following guilty plea begins to run when defendant "has or should have knowledge" of threat of deportation based on plea); Smith, 784 So.2d at 461; Bethune v. State, 774 So.2d 4, 4 (Fla. 2d DCA 2000) (holding, based upon Peart, that two-year limitations period began to run on date postconviction movant learned of potential future sentence-enhancing consequences of his nolo contendere plea, though counsel's failure to inform him of collateral consequence did not render his plea involuntary). Accordingly, we hold that the motion was timely filed pursuant to Wood and Bethune.
In response to this court's order to show cause, which asked the parties specifically to address Smith, the state argues as if the claim in that case were simply that counsel failed to advise of the enhancement consequences of the plea, citing cases in which relief was denied on such a claim but the question certified to the supreme court. See Bismark v. State, 796 So.2d 584, 584-85 (Fla. 2d DCA 2001) (certifying issue for immediate resolution by supreme court under article V, section 3(b)(5), of the Florida Constitution); Major v. State, 790 So.2d 550, 551-53 (Fla. 3d DCA) (affirming order denying postconviction motion, but certifying question to supreme court), rev. granted, 797 So.2d 586 (Fla. 2001). This court too recently certified the question certified in Major, while affirming the denial of relief based on this ground. See Stretcher v. State, 803 So.2d 813 (Fla. 4th DCA 2001). However, as reflected in Smith, this court treats the *478 allegation of affirmative misadvice of counsel differently. See also Jones v. State, 804 So.2d 493 (Fla. 2d DCA 2001) (declining to stay case or certify it to supreme court as with Bismark, where postconviction movant alleged active misadvice by counsel). If the record does not refute Appellant's allegation that he entered his plea involuntarily based on affirmative misadvice of counsel, then an evidentiary hearing may be necessary.
Third, the trial court pointed out that Appellant had filed at least two prior motions for postconviction relief that had been affirmed on appeal. A rule 3.850 motion may be dismissed as successive
if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Fla. R.Crim. P. 3.850(f) (emphasis added). However, the prior motions were not denied on the merits, but because they were untimely.
Finally, the state's response to this court adds an argument that Appellant's claim was barred by laches, in that the state is prejudiced in responding because no transcripts of the 1987 proceeding exist. Because it was not asked to respond below, the state did not raise the doctrine of laches below. See Krasnick v. State, 780 So.2d 1045, 1046 (Fla. 4th DCA 2001) (declining to consider state's laches defense, raised for the first time on appeal). A finding of laches in a criminal case requires a showing of both lack of due diligence on the part of the defendant in bringing the claim as well as prejudice to the state. See Bartz v. State, 740 So.2d 1243, 1244 (Fla. 3d DCA 1999), rev. denied, 767 So.2d 453 (Fla.2000), & rev. denied, 767 So.2d 461 (Fla.2000). Application of the doctrine often involves factual issues that are not properly resolved without an evidentiary hearing. See State v. Perry, 786 So.2d 554, 558 (Fla.2001). Thus, while the state may attempt to demonstrate laches on remand, see Smith, 784 So.2d at 462 (Warner, C.J., concurring specially), it is an inappropriate basis on which to affirm the trial court's summary denial at this time.
Accordingly, we reverse for further consideration of the ground that Appellant's plea was involuntary based on counsel's affirmative misadvice that his nolo plea would not function in the same manner as a guilty plea and that it could not be used against him in any subsequent proceedings, and remand for further proceedings with respect to that ground, in the course of which the state may attempt to demonstrate laches. We affirm the summary denial as to all other grounds of Appellant's motion.
GUNTHER, STONE and WARNER, JJ., concur.