813 So.2d 1025 (2002)
Vrain SCOTT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1563.
District Court of Appeal of Florida, Third District.
April 10, 2002.
*1026 Vrain Scott, in proper person.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and SORONDO, JJ.
COPE, J.
Vrain Scott appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Scott[1] entered into plea bargains in Miami-Dade County Circuit Court case numbers 91-19120, 91-19121, 92-21209. He filed a motion for postconviction relief, seeking to set aside his pleas in those cases. His motion was timely under Wood v. State, 750 So.2d 592 (Fla.1999).
Defendant alleges that his counsel in the above cases gave him affirmative misadvice that if he entered a plea in those cases, those charges would not be used against him if he came back before the court in the future for new crimes. Defendant contends that he is entitled to have his pleas vacated in the 1991 and 1992 cases cited above.
In 1994, defendant was convicted of new charges in circuit case number 94-38169A. He was adjudicated a habitual violent felony offender ("HVO"). The habitualization order indicates that his conviction in circuit court case number 91-19120 was used as a predicate offense for imposition of the HVO adjudication. For that reason, he seeks relief from the plea in circuit court case number 91-19120 as well as his other 1991 and 1992 cases. The trial court denied relief, and was correct in doing so.
A defendant is not entitled to relief where he has been given affirmative misadvice regarding the possible sentence-enhancing consequences of a plea in the event that the defendant commits a new crime in the future. See Woods v. State, 806 So.2d 621, 621-622 (Fla. 3d DCA) review granted, No. SC02-484 (Fla. Feb. 26, 2002); Collier v. State, 796 So.2d 629 (Fla. 3d DCA 2001); Ford v. State, 753 So.2d 595 (Fla. 3d DCA 2000); Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997). That is so because the defendant is under a legal *1027 duty to refrain committing further crimes. It makes no difference whether the defendant is given correct, or incorrect, advice regarding the possibility of enhanced punishment.
We acknowledge that a different rule has been announced in Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). We disagree with that case.
However, the decisional conflict does not make a difference in this case. That is so because the HVO order in this case was also supported by a completely different predicate offense, a conviction for aggravated battery in circuit court case number 93-13982. Even if the defendant were given relief with regard to circuit court case number 91-19120 (a conviction for aggravated assault), the 1994 HVO adjudication would remain intact because of the defendant's aggravated battery conviction in circuit court case number 93-13982. To support an HVO adjudication, only one predicate offense is needed. See § 775.084(1)(b), Fla. Stat. (1993).
Affirmed.[2]
NOTES
[1] The record indicates that Vrain Scott is also known as Marvin McCall, Scott Grant, and Marvin Graham.
[2] Defendant also contends that the judgments in the 1991 and 1992 cases should be amended to reflect a withholding of adjudication. However, the plea colloquy reflects an adjudication of guilt in each of the cases, so this claim is rejected.