816 So.2d 804 (2002)
Daniel CIFUENTES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2604.
District Court of Appeal of Florida, Third District.
May 15, 2002.
Daniel Cifuentes, in proper person.
Robert A. Butterworth, Attorney General, and Steven R. Berger, Assistant Attorney General, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Daniel Cifuentes appeals an order denying his motion for postconviction relief. Although this involves a plea entered on October 26, 1988, the State does not contest *805 the timeliness of this appeal pursuant to Wood v. State, 750 So.2d 592 (Fla.1999).
The recent supreme court decision in Major v. State, 814 So.2d 424 (Fla.2002) left undecided whether affirmative misadvice by counsel, as alleged in Cifuentes' motion, could form the basis for withdrawing a guilty plea. There is a conflict in the districts on this issue. The Fourth District has held that such an allegation could form the basis for relief. See Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). The Second District disagrees. See Horne v. State, 792 So.2d 581, 582 (Fla. 2d DCA 2001), certifying conflict with Smith. We have aligned ourselves with the Second District in that when counsel misinforms his client of the potential sentence-enhancing consequences of his plea, it is a collateral consequence which does not render a plea involuntary. See Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002).
We therefore affirm the summary denial of the motion for postconviction relief, and certify conflict with Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000).