820 So.2d 989 (2002)
Assadollah GHANAVATI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1280.
District Court of Appeal of Florida, Fourth District.
June 12, 2002.
Rehearing Denied July 25, 2002.
*990 Leo Benitez of Benitez & Associates, Coral Gables, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Assadollah Ghanavati appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We reverse and remand for an evidentiary hearing.
On February 9, 1987, appellant entered a plea of nolo contendere, adjudication was withheld, and he was placed on two years of probation. On September 10, 2001, he filed the instant motion for postconviction relief, seeking to vacate his plea, alleging that he first learned of the threat of deportation on July 11, 2001, when the Immigration and Naturalization Service arrested him and commenced a deportation action against him based solely on the 1987 plea. We agree with the trial court that the motion was timely because it was filed within two years of that date. See Peart v. State, 756 So.2d 42, 46 (Fla.2000).
We also agree the trial court properly rejected appellant's claim to be entitled to relief on the merits pursuant to Peart, which by its very language applies to cases in which there was a violation of Florida Rule of Criminal Procedure 3.172(c)(8) (requiring trial courts, in determining the voluntariness of a nolo or guilty plea, to determine that the defendant understands that his or her plea could subject him or her to deportation if he or she is not a United States citizen). That subdivision of the rule did not become effective until January 1, 1989, almost two years after appellant entered the plea in *991 question. See In re Amendments to Fla. Rules of Criminal Procedure, 536 So.2d 992, 992-93 (Fla.1988). We agree with the third district that State v. Ginebra, 511 So.2d 960, 961 (Fla.1987) (finding deportation to be a collateral consequence of which the trial court was not required to advise), still controls with respect to pleas entered prior to the change in rule 3.172. See State v. Richardson, 785 So.2d 585, 588 (Fla. 3d DCA 2001).
However, we conclude that appellant's allegation of positive misadvice renders his motion legally sufficient. Attached to his motion was the affidavit of the attorney who represented him at the time of his plea, who stated as follows:
Because it was not required at the time, neither I, the state, nor the court advised Ghanavati of the possible deportation consequences of accepting such a plea. On the contrary, I specifically advised Ghanavati that there would be no adjudication of guilt if he accepted the plea and there would never be any further repercussions at all arising from or relating to the charges or the plea itself.

Also attached was appellant's affidavit, stating that he accepted the state's offer only because his attorney specifically advised him that there would be no adjudication of guilt and there would never be any further repercussions from or relating to the charges or the plea; had he been advised of the potential deportation consequences of the plea, he never would have accepted the state's offer and changed his plea.
When a defendant enters a plea in reliance on affirmative misadvice and demonstrates that he or she was thereby prejudiced, the defendant may be entitled to withdraw the plea even if the misadvice concerns a collateral consequence as to which the trial court was under no obligation to advise him or her. See State v. Sallato, 519 So.2d 605 (Fla.1988) (remanding for trial court to determine whether defendant was given positive misadvice where defendant alleged he asked counsel whether the plea would jeopardize his chances of becoming a permanent citizen of the United States and counsel replied in the negative); Murphy v. State, 820 So.2d 375, 376 (Fla. 4th DCA 2002) (reversing order summarily denying motion for postconviction relief and noting "[t]his court has held that affirmative misadvice, regarding even collateral consequences of a plea, may form the basis for withdrawing the plea"); Love v. State, 814 So.2d 475, 478 (Fla. 4th DCA 2002) (reversing summary denial of motion for postconviction relief where defendant alleged counsel misadvised him that nolo plea would not function as guilty plea and could not be used against him in any subsequent proceeding, but plea was used to enhance federal sentence for subsequent offense). See also Watrous v. State, 793 So.2d 6, 11 (Fla. 2d DCA 2001) (reversing denial of postconviction relief for evidentiary hearing on defendant's claim that counsel misadvised him that after entering his plea, he would be released from custody almost immediately based on amount of time already served, but instead state filed petition for his involuntary civil commitment as sexually violent predator; noting that "[i]t is well-settled that affirmative misadvice regarding even collateral consequences of a plea forms a basis for withdrawing the plea"). But see Collier v. State, 796 So.2d 629, 630 (Fla. 3d DCA 2001) (holding affirmative misadvice about enhancement consequences of plea does not constitute basis for postconviction relief).
As the motion for postconviction relief stated a cognizable claim, and the record *992 does not refute the allegations, we reverse for an evidentiary hearing on the motion.
WARNER, GROSS and TAYLOR, JJ., concur.