823 So.2d 160 (2002)
Kevin McPHEE, a/k/a Donte Ramon Laws, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1921.
District Court of Appeal of Florida, Third District.
June 26, 2002.
Kevin McPhee a/k/a Donte Ramon Laws, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before LEVY, GREEN, and FLETCHER, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Kevin McPhee, a/k/a Donte Ramon Laws, moves to recall the opinion or set aside this court's mandate in case number 3D01-1921, wherein this court affirmed the trial court's order denying relief and certified the matter to the Florida Supreme Court as we did in Major v. State, 790 So.2d 550 (Fla. 3d DCA 2001). We grant McPhee's motion, set aside the mandate, recall our previously issued opinion and replace it with the following:
As this court recently explained in Cifuentes v. State, 816 So.2d 804 (Fla. 3d DCA 2002):
"The recent supreme court decision in Major v. State, 814 So.2d 424 (Fla.2002) left undecided whether affirmative misadvice by counsel, as alleged in Cifuentes' motion, could form the basis for withdrawing a guilty plea. There is a *161 conflict in the districts on this issue. The Fourth District has held that such an allegation could form the basis for relief. See Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). The Second District disagrees. See Horne v. State, 792 So.2d 581, 582 (Fla. 2d DCA 2001), certifying conflict with Smith. We have aligned ourselves with the Second District in that when counsel misinforms his client of the potential sentence-enhancing consequences of his plea, it is a collateral consequence which does not render a plea involuntary. See Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002)."
As McPhee here alleges affirmative misadvice of counsel, following Cifuentes we affirm and certify conflict with Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000).
Affirmed; conflict certified.