833 So.2d 796 (2002)
Lawrence WALLACE a/k/a Steve Allen, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3339.
District Court of Appeal of Florida, Third District.
August 14, 2002.
*797 Lawrence Wallace, in proper person.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before COPE, GREEN and RAMIREZ, JJ.
COPE, J.
Lawrence Wallace appeals an order denying his motion for postconviction relief. We affirm.

I.
In his postconviction motion, defendant-appellant Wallace states that he is currently serving a habitual offender sentence in Miami-Dade County circuit court case number 95-2924. He alleges that the basis for his habitualization was his earlier convictions in circuit court case numbers 93-13837 and 93-16285.
In his motion, defendant seeks to set aside the two 1993 convictions. Defendant's motion is timely under Wood v. State, 750 So.2d 592 (Fla.1999).
The defendant pled guilty in the 1993 cases and was sentenced to 364 days incarceration in each case. The charges in case number 93-13837 were grand theft and burglary, while the charges in case number 93-16285 were sale and possession of cocaine.
*798 Defendant alleges affirmative misadvice of counsel in connection with these pleas. Defendant says that he was told he would receive a withhold of adjudication in each case, and that the convictions would not be used against him in the future.
With regard to the claim that the plea bargain was for a withhold of adjudication in the 1993 cases, the judicial records refute the claim. The judgment and sentencing documents as well as the handwritten notes on the scoresheet indicate that there was an adjudication of guilt. After searching, the court reporter has been unable to locate the notes of the 1993 plea colloquy. To the extent that the defendant desires to base his claim on the plea colloquy, the claim is barred by laches. He did not seek relief from the 1993 plea until 2001, and the court reporter notes are not available. As the existing records all indicate there was an adjudication of guilt, the trial court correctly denied relief on this point.
The trial court pointed out that even if there were an impediment to using the 1993 convictions for the defendant's 1995 habitualization, the defendant still qualifies as a habitual offender. The defendant has three other qualifying offenses, circuit court case numbers 90-19862, 91-23954, and 92-18808, all of which were sentenced on different dates. Assuming for purposes of discussion that there were any infirmity in using the 1993 convictions as predicate offenses, the defendant nonetheless qualifies as a habitual offender.[*]

II.
The defendant alleges that his counsel told him that if he entered the plea to the two 1993 cases, those convictions would not be used against him in the future. The defendant says that this advice turned out to be incorrect, and that the two 1993 convictions were used as predicate offenses for a habitual offender adjudication against him in circuit court case number 95-2924.
Under this court's precedent, counsel's advice that a plea could not be used against the defendant in the future "is properly viewed as addressing the civil effects of the plea, not future recidivism." Collier v. State, 796 So.2d 629, 630 (Fla. 3d DCA 2001).
"[N]either the trial court nor counsel has a duty to advise a defendant that the defendant's plea in a pending case may have sentence enhancing consequences on a sentence imposed for a crime committed in the future." Major v. State, 814 So.2d 424, 431 (Fla.2002).
This court also bars postconviction relief even if counsel gives affirmative misadvice regarding the sentence enhancing consequences of a plea for a new crime committed in the future. Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997); see also Ford v. State, 753 So.2d 595 (Fla. 3d DCA 2000). That is so for practical, and public policy, reasons. "[T]he defendant is under a legal duty to refrain from committing further crimes. It makes no difference whether the defendant is given correct, or incorrect, advice regarding the possibility *799 of enhanced punishment." Scott v. State, 813 So.2d 1025, 1026-27 (Fla. 3d DCA 2002).
The Fourth District Court of Appeal follows a different rule. See Love v. State, 814 So.2d 475 (Fla. 4th DCA 2002); Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). As we did in McPhee v. State, 823 So.2d 160(Fla. 3d DCA 2002), and Cifuentes v. State, 816 So.2d 804 (Fla. 3d DCA 2002), we certify direct conflict with Smith.
Affirmed; direct conflict certified.
NOTES
[*] Although not argued by the defendant, only one of the two 1993 convictions could be used as a predicate offense because both were imposed on the same day. Use of both of the 1993 convictions would violate the sequential conviction rule. See § 775.084(5), Fla. Stat. (1993). (The 1993 statute applies because the date of the offense in the 1995 case was December 26, 1994.) As just stated, the defendant has other qualifying offenses, so he qualifies as a habitual offender even if one of the 1993 convictions is eliminated as a predicate offense.