826 So.2d 1055 (2002)
Clinton BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-5012.
District Court of Appeal of Florida, Fourth District.
September 4, 2002.
Rehearing Denied October 15, 2002.
*1056 Clinton Burns, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
We reverse an order denying Appellant's 3.850 motion for post-conviction relief.
In 1991, Appellant was convicted, through a negotiated plea, of: (1) tampering with evidence, and (2) possession of cocaine, both felonies. He did not appeal his convictions. In 1995, Appellant received an enhanced sentence in federal court to life in prison as a result of his prior felony convictions.
Here, Appellant asserts ineffective assistance of trial counsel as to his 1991 conviction, in part, on the ground that his counsel misrepresented to him that the crimes to which he was pleading were misdemeanor offenses that could not be used to enhance any future sentence.
In response to this court's order to show cause, the state argued that in Major v. State, 814 So.2d 424, 431 (Fla.2002), the Florida Supreme Court held that "neither the trial court nor counsel has a duty to advise a defendant that the defendant's plea in a pending case may have sentence enhancing consequences on a sentence imposed for a crime committed in the future." Major, however, does not address counsel's affirmative misadvice regarding collateral consequences of a plea.
This court has recognized that a claim of affirmative misadvice is a proper ground for rule 3.850 review. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000).
When a defendant enters a plea in reliance on affirmative misadvice and demonstrates that he was thereby prejudiced, the defendant may seek to withdraw the plea even if the misadvice concerns collateral consequences as to which the trial court was under no obligation to advise. See Ghanavati, 820 So.2d at 991; Murphy v. State, 820 So.2d 375 (Fla. 4th DCA 2002); Love v. State, 814 So.2d 475 (Fla. 4th DCA 2002); Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001). We note that the Third District has reached a contrary conclusion, certifying conflict with Smith. See Wallace v. State, No. 3D01-3339, 2002 WL 1842697, ___ So.2d ___ (Fla. 3d DCA Aug.14, 2002); McPhee v. State, 823 So.2d 160 (Fla. 3d DCA 2002); Cifuentes v. State, 816 So.2d 804 (Fla. 3d DCA 2002).
*1057 We certify conflict with Wallace, McPhee, and Cifuentes.
We reverse, in part, and remand for an evidentiary hearing on the sole issue of trial counsel's affirmative misadvice. As to all other grounds raised by Appellant, we affirm.
STONE, STEVENSON, and HAZOURI, JJ., concur.