829 So.2d 940 (2002)
Isaac SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4710.
District Court of Appeal of Florida, Fourth District.
October 16, 2002.
*941 Isaac Smith, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Isaac Smith (Appellant) appeals from an order summarily denying his rule 3.850 motion for postconviction relief. We affirm without discussion his first claim for relief, but reverse and remand for further proceedings as to his second claim. There, he alleged ineffective assistance of counsel for his counsel's false representation that his guilty plea in the instant case would not later be used against him, when, in fact, it was used against him to support habitual sentencing in a subsequent case.
This court has treated affirmative misadvice of counsel differently from the mere failure to advise of enhancement consequences and has found it cognizable in a motion for postconviction relief. See Murphy v. State, 820 So.2d 375 (Fla. 4th DCA 2002); Love v. State, 814 So.2d 475 (Fla. 4th DCA 2002); Smith v. State, 784 So.2d 460, 461 (Fla. 4th DCA 2000); see also Bates v. State, 818 So.2d 626, 631 (Fla. 1st DCA 2002) ("[W]here such misadvice leads a defendant to enter a plea he otherwise would not have entered, both the performance and prejudice prongs of Strickland are satisfied and the plea may be withdrawn.") (Allen, C.J., dissenting in part) (citations omitted); see generally Walkup v. State, 822 So.2d 524 (Fla. 2d DCA 2002)(holding that allegation of affirmative misadvice that refusal to plead would subject defendant to commitment under Involuntary Civil Commitment of Sexually Violent Predators Act stated facially sufficient claim); Joyner v. State, 795 So.2d 267 (Fla. 1st DCA 2001)(reversing summary denial of rule 3.850 motion where defendant alleged that he would not have entered plea but for defense counsel's affirmative misadvice that youthful offender adjudications did not count as prior convictions for purposes of future repercussions).
We certify conflict with recent cases from the first, second, and third districts concluding otherwise. See Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002); Bates; Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002). As the courts did in Stansel and Bates, we certify the following as a question of great public importance:
WHETHER ALLEGATIONS OF AFFIRMATIVE MISADVICE BY TRIAL COUNSEL ON THE SENTENCE-ENHANCING CONSEQUENCES OF A DEFENDANT'S PLEA FOR FUTURE CRIMINAL BEHAVIOR IN AN OTHERWISE FACIALLY SUFFICIENT MOTION ARE COGNIZABLE AS AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
Finally, the state urges that if this case is remanded, the trial court should be advised that it is free to revisit the issue of laches on remand. Although the state raised the issue below, the trial court did not base its ruling on laches. We agree that the issue of laches may be revisited on remand. However, as we noted in Love, that doctrine often involves issues that cannot be properly resolved without an evidentiary hearing. See Love, 814 So.2d at 478 (citing State v. Perry, 786 So.2d 554, 558 (Fla.2001)).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
KLEIN, SHAHOOD and TAYLOR, JJ., concur.