831 So.2d 794 (2002)
John McKOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2381.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
*795 John McKowen, Lake Butler, pro se.
No Appearance for Appellee.
PALMER, J.
John McKowen (defendant) appeals the summary denial of his rule 3.850 motion, in which he alleged that his no-contest plea was involuntarily entered. See Fla. R.Crim. P. 3.850. The motion alleged defendant's counsel had misadvised him as to the consequences of entering a plea in that counsel told him that the convictions resulting from the pleas could not be later considered as prior felonies for sentencing guideline purposes. We affirm.
Although the Florida Supreme Court recently held in Major v. State, 814 So.2d 424 (Fla.2002), that neither the trial court nor defense counsel possess a duty to advise a defendant that entry of a plea in a pending case may have sentencing consequences on sentences imposed for subsequently committed crimes, there is a split of authority among the district courts as to whether postconviction relief is available when counsel affirmatively misadvises a defendant that, if he enters a plea, his conviction could not be used in the future to enhance a sentence for a subsequently committed offense. The First, Second, and Third Districts have held that such a claim does not entitle a defendant to receive postconviction relief, while the Fourth District disagrees.
In Collier v. State, 796 So.2d 629 (Fla. 3d DCA 2001), the Third District explained that postconviction relief is not warranted under such circumstances because neither the trial court nor defense counsel is required to anticipate a defendant's recidivism, but instead, are entitled to assume that the defendant will obey the law in the future and not commit any more crimes. In addition, neither the court nor defense counsel is required to advise a defendant what penalty he may expect to receive from crimes not yet committed. In Bates v. State, 818 So.2d 626 (Fla. 1st DCA 2002), the First District held that a defendant is not entitled to receive a hearing on a claim of affirmative misadvice as to the potential of receiving enhanced penalties in the future, because granting such relief could be viewed as inviting recidivism, which is contrary to the purpose of the enhancement statutes. Similarly, in Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002), the Second District held that a defendant is not entitled to receive postconviction relief on a claim alleging misadvice concerning the consequences of a plea, noting that, unlike other collateral consequences such as deportation or gain time eligibility, the defendant can always avoid the future sentence-enhancing effects of a plea by obeying the law. In Scott v. State, *796 813 So.2d 1025 (Fla. 3d DCA 2002), the court held that a defendant is not entitled to receive postconviction relief on such a claim, because he is under a legal duty to refrain from committing further crimes, whether or not counsel's advice of possible enhanced punishment was correct.
In contrast, the Fourth District has held that any claim of affirmative misadvice, even a claim regarding misadvice as to the collateral consequence of future sentence enhancement, constitutes a valid basis for allowing a defendant to withdraw a plea. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002); Love v. State, 814 So.2d 475 (Fla. 4th DCA 2002); Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001). As explained in Love, the Fourth District treats allegations of affirmative misadvice differently than allegations that counsel failed to give advice.
We align ourselves with the First, Second, and Third Districts, concluding that a defendant is not entitled to receive postconviction relief based on a claim that he relied on the misadvice of counsel that his plea would have no adverse sentencing effect should he decide to commit future crimes. To rule otherwise would be to encourage recidivism and frustrate the purpose of the statutory sentencing scheme which enhances sentences based on past criminal behavior.[1]
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Based upon this ruling, we need not reach the State's argument that certain of defendant's claims are time barred.