838 So.2d 685 (2003)
Torrance JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2733.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Rehearing Denied April 4, 2003.
Torrance Jones, in proper person.
Charlie Crist, Attorney General, for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
The opinion filed November 27, 2002, is withdrawn, and the following is substituted in its place:
Torrance Jones appeals an order denying his motion for postconviction relief. We affirm. "[N]either the trial court nor counsel has a duty to advise a defendant that the defendant's plea in a pending case may have sentence enhancing consequences on a sentence imposed for a crime committed in the future." Major v. State, 814 So.2d 424, 431 (Fla.2002). This court also bars postconviction relief even if counsel gives affirmative misadvice regarding the sentence enhancing consequences of a plea for a new crime committed in the future. Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997); see also Ford v. State, 753 So.2d 595 (Fla. 3d DCA 2000). That is so for practical, and public policy, reasons. "[T]he defendant is under a legal duty to refrain from committing further crimes. It makes no difference whether the defendant is given correct, or incorrect, advice regarding the possibility of enhanced punishment." Scott v. State, 813 So.2d 1025, 1026-27 (Fla. 3d DCA 2002).
The Fourth District Court of Appeal has decided differently. See Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). As we did in McPhee v. State, 823 So.2d 160 (Fla. 3d DCA 2002), Wallace v. State, 833 So.2d 796 (Fla. 3d DCA 2002), and Cifuentes v. State, 816 So.2d 804 (Fla. 3d DCA 2002), we certify direct conflict with Smith. See also Bates v. State, 818 So.2d 626 (Fla. 1st DCA 2002)(conflict certified); Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002)(same).
Rehearing granted; affirmed; direct conflict certified.