879 So.2d 1243 (2004)
Daniel MORGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2298.
District Court of Appeal of Florida, Third District.
April 14, 2004.
Rehearing and Rehearing Denied August 11, 2004.
Daniel Morgan, in proper person.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before COPE, LEVY and GREEN, JJ.
Rehearing and Rehearing En Banc Denied August 11, 2004.
PER CURIAM.
Daniel Morgan appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.

I.
Defendant-appellant Morgan was convicted of federal criminal charges in 2001. In his Rule 3.850 motion he asserts that his federal sentence was enhanced on account of three prior Florida convictions *1244 entered in Miami-Dade County circuit court case numbers 94-43779 ("the 1994 case"), 95-11143 ("the 1995 case"), and 97-29490 ("the 1997 case").
In the 1994 and 1995 cases the defendant alleges that he received affirmative misadvice of his trial counsel. The defendant alleges that his trial counsel told him that if he entered a plea in those cases, the charges would be expunged and the convictions would not be used in the future for any other prosecutions. The defendant contends that this was affirmative misadvice regarding the future sentence enhancing consequences if he committed a new crime.
The trial court correctly denied relief on this point. This court has held that as a matter of public policy, "[a] defendant is not entitled to relief where he has been given affirmative misadvice regarding the possible sentence-enhancing consequences of a plea in the event that the defendant commits a new crime in the future." Scott v. State, 813 So.2d 1025, 1026 (Fla. 3d DCA 2002) (citations omitted).
We acknowledge that there is a division of authority on this issue within the Florida district courts of appeal, and that at present, the Fourth District holds that relief is available on this type of postconviction claim. See id. at 1027 (citing Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000)). Ordinarily this court certifies conflict with the Fourth District in cases that present the issue now before us. Id.
Under the specific facts of this case, however, certification of conflict is not necessary because even under the Fourth District rule, the defendant would not be entitled to relief. That is so because the issue of future enhancement was addressed in his 1997 plea colloquy. In 1997 the defendant entered into a plea bargain whereby he pled guilty to the 1997 case and entered a plea of admission to violation of probation in the 1994 and 1995 cases. The trial judge told the defendant:
THE COURT: You will be adjudicated, which means you will be convicted of all those felonies. So I can tell you down the road, be careful because later on they can try to sentence you as an H.O.[*] So be careful of that; okay?
THE DEFENDANT: Yes, sir.
TR. Nov. 14, 1997, at 4. Thus, assuming for purposes of discussion that the defendant received affirmative misadvice of counsel with respect to the 1994 and 1995 cases, he received correct advice from the court in 1997 and the current motion on this point is time-barred.
The defendant's remaining claims are time-barred and do not amount to newly-discovered evidence.
Affirmed.
NOTES
[*] Habitual offender.