CANADY, Judge.
Bryan Hogan appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Although Hogan challenges the denial on various grounds, we need only address Hogan’s argument that the trial court improperly denied him an opportunity to present relevant testimony at the evidentiary hearing conducted by the trial court. We conclude that this claim has merit and therefore reverse the order denying Hogan’s motion.
This case has been before this court before. In Hogan v. State, 799 So.2d 1095 (Fla. 2d DCA 2001), this court held that Hogan’s motion for postconviction- relief was timely because it contained claims trar ditionally addressed in error coram nobis and because his motion fell within the window created by Wood v. State, 750 So.2d 592 (Fla.1999). In response to the issuance of our mandate in Hogan, the trial court issued a sua sponte order requiring the State to show cause why an evidentia-ry hearing should not be held on the merits of the matter.
Subsequent to the issuance of this show cause order, an evidentiary hearing was held for the limited purpose of determining whether the doctrine of laches should be applied to Hogan’s claims. At this hearing, the State presented the testimony of several witnesses who might have had knowledge relevant to Hogan’s claims. All of the witnesses testified that the passage of time had impaired their memories to the point that they could not convey any useful information about the case.
Following the presentation of these State witnesses, Hogan sought to call two witnesses, himself and his mother. His stated purpose in calling these witnesses was in part to demonstrate that he had diligently pursued his claims. The trial court excluded this testimony on the ground that it was not relevant to the limited purpose of the hearing.
This was error. In order for the State to demonstrate that Hogan’s claims were barred by laches, the State was required to demonstrate in connection with the delay in the assertion of the claim both that there was prejudice to the State and that there was a lack of diligence on the part of the defendant. See Love v. State, 814 So.2d 475, 478 (Fla. 4th DCA 2002). *540 Thus, testimony from Hogan’s witnesses to the effect that he had been diligent in the pursuit of his claims would have been directly relevant to the issue of laches. Even if the State established the requisite prejudice arising from the delay in the assertion of the claims, the claims would not be barred if Hogan could demonstrate that he diligently pursued them.
Because of the trial court’s improper exclusion of the testimony Hogan sought to offer on the issue of laches, we reverse the order denying Hogan’s motion and remand on that issue.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.