909 So.2d 377 (2005)
Darryl Solomon HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1992.
District Court of Appeal of Florida, Fourth District.
August 3, 2005.
Rehearing Denied September 7, 2005.
Darryl Solomon Hope, Coleman, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Darryl Solomon Hope entered into a plea in June 1986 to resolve two lower court cases. Within his post-conviction relief motion, Hope alleges that in August 2003 these convictions were used in his classification "to send him to a higher custody prison instead of a lower custody prison." He alleges that he discovered that counsel's advice was erroneous when the Federal Correctional Officer provided him with a copy of the classification form.
In support of his position, Hope alleges that counsel advised that there would be no adjudication of guilt and "there would never be any further repercussions from or relating to the charge or the plea." But for counsel's "misadvice," Hope alleges that he would not have entered into the plea and would have insisted on going to trial. Hope alleges prejudice resulting from the "usage of the conviction to enhance *378 his federal prison `Male Custody Classification' to a higher prison custody level and to send him to a penitentiary instead of a lower custody correctional institution."
The trial court denied relief upon accepting the state's argument that Hope's claim was untimely and not cognizable as it concerned a collateral consequence of his plea. We agree with the latter and affirm.
The Florida Supreme Court held in Major v. State, 814 So.2d 424 (Fla.2002), that neither the trial court nor defense counsel has a duty to advise a defendant that entry of a plea in a pending case may have sentencing consequences on sentences imposed for subsequently committed crimes. Nonetheless, there is a split of authority among the district courts as to whether post-conviction relief is available when counsel affirmatively misadvises a defendant that, if he enters a plea, his conviction could not be used in the future to enhance a sentence for a subsequently committed offense.
The Florida Supreme Court has not yet resolved the conflict, though it addressed the timeliness of such a claim in Bates v. State, 887 So.2d 1214 (Fla.2004). Hope's claim is not disposed of as untimely by the Bates analysis as he alleged that he did not learn of the misadvice until August 2003.
Addressing the merits, several districts have held that a claim of affirmative misadvice associated with a collateral consequence does not entitle a defendant to receive post-conviction relief. Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002); Wallace v. State, 833 So.2d 796 (Fla. 3d DCA 2002); McKowen v. State, 831 So.2d 794 (Fla. 5th DCA 2002). This court disagrees and has held to the contrary. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002); Love v. State, 814 So.2d 475 (Fla. 4th DCA 2002); Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001); see also Dickey v. State, 30 Fla. L. Weekly D443, ___ So.2d ___, 2005 WL 350313 (Fla. 1st DCA Feb.15, 2005) (aligning itself with this court and certifying the question).
Nevertheless, we hold that Hope's claim is outside the purview of this court's decisions as he is not alleging an anticipated sentence enhancing consequence of his plea. See, e.g., Burns v. State, 826 So.2d 1055 (Fla. 4th DCA 2002) (federal sentence enhanced); Love, 814 So.2d 475 (federal sentence enhanced); see also Ghanavati, 820 So.2d 989 (deportation consequences); Joyner v. State, 795 So.2d 267, 268 (Fla. 1st DCA 2001) (loss of voting rights). It is not Hope's claim that he specifically asked counsel about consequences of prison placement in connection with any subsequent sentencing. Usage of the conviction to enhance his federal prison classification to a higher custody level is not a sentence enhancing consequence and therefore he is not entitled to relief.
Accordingly, we affirm the denial of Hope's motion for post-conviction relief.
STEVENSON, C.J., and GUNTHER, J., concur.