908 So.2d 507 (2005)
Darryl Solomon HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-923.
District Court of Appeal of Florida, Fourth District.
June 15, 2005.
Order Denying Rehearing and Certifying Conflict August 24, 2005.
Darryl Solomon Hope, Coleman, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Darryl Solomon Hope seeks review of the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
This court has held that affirmative misadvice, regarding even collateral consequences of a plea, may form the basis for withdrawing the plea. Love v. State, 814 So.2d 475 (Fla. 4th DCA 2002); Jones v. *508 State, 814 So.2d 446 (Fla. 4th DCA 2001); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). We recognize conflict with the districts concluding otherwise. See Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002); Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002); McKowen v. State, 831 So.2d 794 (Fla. 5th DCA 2002).
The Florida Supreme Court accepted review of Bates v. State, 818 So.2d 626, 631 (Fla. 1st DCA), rev. granted 832 So.2d 103 (2002), in which the First District had certified the question of whether affirmative misadvice by trial counsel on the sentence-enhancing consequences of a plea is a cognizable ineffective assistance of counsel claim. However, the Supreme Court did not pass on the question posed. Rather, it held that Bates's claim was time barred. Bates v. State, 887 So.2d 1214 (Fla.2004).
Hope's claim is not disposed of by the Bates analysis as he alleged that he did not learn of the misadvice until October 2002. Accordingly, we reverse, in part, and remand for an evidentiary hearing during which time the trial court can address the timeliness issue as well as Hope's specific claim of trial counsel's affirmative misadvice. Dickey v. State, 30 Fla. L. Weekly D443, ___ So.2d ___, 2005 WL 350313 (Fla. 1st DCA Feb. 15, 2005). As to all other grounds raised by Hope, we affirm.
Reversed and Remanded.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellee's motion for rehearing, but grant its motion to certify conflict among the districts. See Stansel v. State, 825 So.2d 1007 (Fla. 2d DCA 2002), Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002), McKowen v. State, 831 So.2d 794 (Fla. 5th DCA 2002). But see Dickey v. State, 30 Fla. L. Weekly D443, ___ So.2d ___ (Fla. 1st DCA Feb.15, 2005). Accordingly, as this court did in Smith v. State, 829 So.2d 940 (Fla. 4th DCA 2002), we certify the following question to be of great public importance:
WHETHER ALLEGATIONS OF AFFIRMATIVE MISADVICE BY TRIAL COUNSEL ON THE SENTENCE-ENHANCING CONSEQUENCES OF A DEFENDANT'S PLEA FOR FUTURE CRIMINAL BEHAVIOR IN AN OTHERWISE FACIALLY SUFFICIENT MOTION ARE COGNIZABLE AS AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.