931 So.2d 996 (2006)
Robby Eugene HOGAN a/k/a Nevia Abraham, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1196.
District Court of Appeal of Florida, Third District.
June 7, 2006.
*997 Robby Eugene Hogan a/k/a Nevia Abraham, in proper person.
Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Robby Eugene Hogan a/k/a Nevia Abraham, appeals the denial of his timely 3.850 motion for postconviction relief, in which he sought to set aside his plea regarding a 1989 conviction for escape.
The defendant's 3.850 motion asserts that his guilty plea to escape was involuntary and not knowingly and intelligently made because his counsel misadvised him as to the consequences of the plea. Specifically, he alleges that his trial attorney provided ineffective assistance of counsel by telling him that, based upon the facts of his case, which was that he had merely walked away from a prison work camp, the charge of escape could not be considered a serious violent offense. In August 2003, the defendant's escape conviction was used to enhance his sentence in federal court under the federal "three strikes" law.[1]See United States v. Abraham, 386 F.3d 1033 (11th Cir.2004).
This court has held that failure to advise a defendant regarding the possible consequences of a plea in the event that the defendant commits a new crime in the future does not constitute ineffective assistance of counsel.
Neither the court nor counsel is required to advise a defendant what penalty he can expect to receive for crimes not yet committed. The defendant can avoid further sentencing consequences, enhanced or otherwise, by refraining from committing new crimes. Future sentence enhancement for a later crime is not a direct consequence of a plea at all, but is instead contingent first on the defendant's voluntary decision to commit another crime; second, on whether the new crime is one capable of having enhanced sentencing; and third, on the prosecutor's discretionary decision whether to seek enhancement. Future *998 sentence enhancement is plainly a collateral consequence, not a direct consequence, of the defendant's plea in the earlier case.
Major v. State, 790 So.2d 550, 551-52 (Fla. 3d DCA 2001), aff'd, 814 So.2d 424 (Fla. 2002); see also Medina v. State, 919 So.2d 566 (Fla. 3d DCA 2006) (finding that failure to inform defendant of the consequences that his state convictions could have in the future under a completely different federal scheme does not constitute ineffective assistance of counsel).
This court has also held that affirmative misadvice regarding possible sentence enhancement consequences of a plea does not warrant postconviction relief. See Morgan v. State, 879 So.2d 1243, 1244 (Fla. 3d DCA 2004) (trial counsel's alleged misadvice regarding possible sentence-enhancing consequences of a plea in the event the defendant committed new crimes does not warrant postconviction relief); Jones v. State, 838 So.2d 685 (Fla. 3d DCA 2003); Wallace v. State, 833 So.2d 796, 798 (Fla. 3d DCA 2002) (holding that affirmative misadvice regarding the sentence enhancing consequences of a plea for a new crime committed in the future is not grounds for postconviction relief as the defendant is under a legal duty to refrain from committing further crimes); Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002); Woods v. State, 806 So.2d 621 (Fla. 3d DCA 2002); Collier v. State, 796 So.2d 629, 630 (Fla. 3d DCA 2001) ("Neither the sentencing court nor counsel is required `to anticipate a defendant's future recidivism.'") (quoting Major v. State, 790 So.2d at 551). "The court and counsel are entitled to assume that the defendant will obey the law in the future and not commit more crimes." Collier, 796 So.2d at 630 (citing Major, 790 So.2d at 551); see also Rhodes v. State, 701 So.2d 388, 389 (Fla. 3d DCA 1997) (finding that misadvice regarding the sentence-enhancing consequences of a defendant's plea differs from misadvice regarding deportation, gain time eligibility, and parole eligibility, and as a matter of public policy, we should not encourage recidivism, even implicitly, by requiring that a defendant be warned of the sentence-enhancing consequences his plea may have upon the commission of a future crime).
While the Fourth and First Districts have taken a different position on this issue, see Dickey v. State, 30 Fla. L. Weekly D443, 2005 WL 350313 (Fla. 1st DCA Feb. 15, 2005) (holding that "allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are cognizable as an ineffective assistance of counsel claim," and evaluating the defendant's claim under the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); Jones v. State, 814 So.2d 446 (Fla. 4th DCA 2001); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000), the Florida Supreme Court has recently resolved the issue in State v. Dickey, 928 So.2d 1193 (Fla.2006) (quashing Dickey v. State, 30 Fla. L. Weekly D443, 2005 WL 350313 (Fla. 1st DCA Feb. 15, 2005)), as follows:
We conclude that allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are not cognizable as an ineffective assistance of counsel claim.
Dickey, 928 So.2d at 1198.
We additionally note that in the instant case, the federal "three strikes" law became effective in 1994, approximately five years after the defendant pled guilty to escape. Thus, the alleged advice given by *999 the defendant's trial counsel was not erroneous at the time it was given. See Cummings-El v. State, 863 So.2d 246 (Fla. 2003) (stating that trial counsel is not ineffective for failing to anticipate changes in the law).
Affirmed.
NOTES
[1] "The federal `three strikes' law, which became effective on September 13, 1994, mandates a sentence of life imprisonment for a defendant who has been convicted of a `serious violent felony,' if he previously was convicted of `one or more serious violent felonies and one or more serious drug offenses.'" Abraham, 386 F.3d at 1037 (quoting 18 U.S.C. § 3559(c)(1)(A)(ii)). The Abraham opinion provides that the "three strikes" law defines "serious violent felony" as: "any ... offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves substantial risk that physical force against the person of another may be used in the course of committing the offense." Abraham, 386 F.3d at 1038 (quoting 18 U.S.C. § 3559(c)(2)(F)(ii)).