802 So.2d 459 (2001)
Lawrence BILOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4036.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
*460 Richard W. Springer of Richard W. Springer, P.A., Palm Springs, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Lawrence Bilogan seeks review of the trial court's order that denied as untimely his motion to vacate a plea. We reverse and remand for further proceedings.
Bilogan challenges his 1995 plea, wherein he agreed to a lifetime suspension of his driver's license. Bilogan alleges that his plea is no longer voluntary.
Accepting Bilogan's sworn allegations as true, he entered into the plea based on the law in effect at the time; namely, that he could apply for a work permit license after five years despite the lifetime suspension. When Bilogan applied for his permit he learned that effective July 1, 1998, an individual with a lifetime suspension cannot apply for a work permit. See § 322.271, Fla. Stat. (Supp.1998).
The trial court denied Bilogan's motion as untimely. The State acknowledges that denial of the motion as untimely was error because Bilogan could not have applied for his permit before the law changed. See, e.g., Bethune v. State, 774 So.2d 4 (Fla. 2d DCA 2000). Accordingly, we reverse and remand for the trial court to address the merits of Bilogan's claim. See State v. Wiita, 744 So.2d 1232 (Fla. 4th DCA 1999).
FARMER, STEVENSON and GROSS, JJ., concur.